## WOLZ v. PARKER et al., Appellants.

### Division Two, June 2, 1896.

1. **Note**: EXTENSION OF TIME OF PAYMENT: CONSIDERATION. The promise of the payee of several notes, made after their execution, to extend the time of payment of the second note, if the maker would pay the first, which was then due, is without consideration and not binding.

2. **Purchaser of Land Subject to Deed of Trust**: PAYMENT. One purchasing land subject to a deed of trust to secure the purchase price has the same rights as to payment that his grantor had.

3. **Land**: DEED OF TRUST: DEFAULT: SALE: PAYMENT: INJUNCTION. Where a deed of trust securing several notes provided that failure to pay any note at its maturity would render the entire amount secured due and payable at once, default in the payment of a note is cured by a tender before sale of the amount due on it with interest and costs, and, on refusal to accept such tender, sale under the provisions of the deed will be enjoined.

*Appeal from Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*Joseph Parker* for appellants.

(1) A verbal contract not to be performed within one year's time is within the statute of frauds and void. R. S. 1889, sec. 5186. (2) A verbal contract to extend the time of payment must be founded upon a valid consideration. Pingree on Mortgages, sec. 1536; *Frazier v. University*, 39 Ind. 556; *Loomis v. Donovan*, 17 Ind. 198; *Fish v. Haywood*, 28 Hun (N. Y.), 456; Jones on Mortgages [5 Ed.], sec. 1180. (3) The

promise of that which the party was under a previous valid legal obligation to do, is no consideration for a contract. Parsons on Contracts [5 Ed.], p. 437. (4) But even if this was a good consideration before a party can claim any benefit under a contract, there must have been a consideration moving from him, or to someone else for his benefit. (5) A person purchasing subject to a deed of trust is estopped from setting up or asserting another or different contract than the one recited in said deed of trust. Greenleaf on Evidence [13 Ed.], sec. 23. (6) If mortgagee does not comply with contract to extend time, a third person to the contract can not be heard to complain. Pingree on Mortgages, sec. 1535; *Reed v. Bank*, 127 Mass. 295; Jones on Mortgages [5 Ed.], sec. 1190. (7) By reference to appellants' abstract of record, page 5, it is apparent that appellants did wait until said time, as claimed in said verbal contract, had expired before the tender was made or the foreclosure proceedings were instituted. (8) A tender made by the mortgagor simply secures to him the right to redeem after a foreclosure sale. *Cupples v. Callagan*, 6 Mo. App. 66; Jones on Mortgages [5 Ed.], secs. 76, 892. (9) If this tender is not made before foreclosure his right to redeem is cut off. *Waples v. Jones*, 62 Mo. 440. (10) Trustee has a right to make a sale in foreclosure after condition broken, even though mortgagor has made a tender of the amount that caused the default. *Whelan v. Reilly*, 61 Mo. 565; *Cupples v. Callagan*, 6 Mo. App. 65; *Philips v. Bailey*, 82 Mo. 639. (11) Where the mortgage provides that upon default the principal sum shall become due, time is made part of the contract, and a court of equity will not relieve the mortgagor from default, unless he can show mistake, accident, or fraud. Jones on Mortgages [5 Ed.], secs. 76, 1179. (12) The mortgagor can not relieve the forfeiture by paying

into court the amount which caused the forfeiture.
Jones on Mortgages [5 Ed.], sec. 1185; *Ferris v. Ferris*, 124 N. Y. 175; *Cupples v. Callagan*, 6 Mo. App. 66.
Neither can he compel mortgagee to accept interest or
installment and yield his claim for the whole amount.
Jones on Mortgages [5 Ed.], sec. 76. (13) The
assignee of a mortgagor who buys without assuming
the debt, has no greater rights than the mortgagor.
He assumes no personal liability. *Walker v. Goodsil*,
54 Mo. App. 634. (14) The land is the primary fund
out of which the debt was to be made. The vendee of
the mortgagor not having assumed any personal obli-
gations, stands in the same relation to the payment of.
the mortgage that a stranger would. *Walker v. Good-
sil*, 54 Mo. App. 635. (15) The respondent, in his
deed from Dennis, obtained only the equity of redemp-
tion, the bare naked right to pay off what was
against the land and have it released. *Fiske v. Tolman*,
26 Am. Rep. 659, and notes; *Walker v. Goodsil*, 54
Mo. App. 635. (16) The assignee of the mortgagor in
a deed of trust after condition is broken can not even
tender the amount that caused the default; and if he
does so tender it, it will not secure to him the right to
redeem or have the sale set aside after foreclosure.
*Detweiler v. Breckenkamp*, 83 Mo. 45; *Colby v. McOm-
ber*, 32 N. W. Rep. 459; *Lantry v. French*, 50 N. W.
Rep. 679; Jones on Mortgages [5 Ed.], sec. 76. (17)
After default in the payment of the $250 note the
whole $3,150 was due. *Waples v. Jones*, 62 Mo. 444;
*Noel v. Gaines*, 68 Mo. 649; Jones on Mortgages
[5 Ed.], secs. 76 and 1179. (18) He who seeks to en-
join the collection of money must first tender what is
due. *McDaniels v. Waterworks*, 48 Mo. App. 274;
Spelling, Extraordinary Relief, sec. 26. (19) The
notes and deed of trust must be construed together—
they are parts of a single contract. *Noel v. Gaines*, 68

Mo. 653; *Waples v. Jones*, 62 Mo. 444. (20) The grantee of a mortgagor can not maintain an injunction to restrain the mortgagor or his assignee from selling without paying the entire debt secured by the mort- gage; and this is true, even though the assignee may have purchased the notes from the mortgagee for a less amount than the mortgage. Pingree on Mortgages, sec. 1431; 123 Mass. 100; Jones on Mortgages [5 Ed.], sec. 76. (21) If the grantee of the mortgagor has pur- chased without assuming any personal liability, he can not make a tender after default. Jones on Mortgages. [5 Ed.], sec. 895; *Harris v. Jex*, 66 Barb. 232. (22) A stronger case must be made out to enjoin a sale than is required to set a sale aside. Pingree on Mortgages,. secs. 1801–1805; *Stouve v. Child*, 63 Ala. 473 .

*Geo. Hall & Son* for respondent.

(1) Appellants' demurrer admits the truth of the statement of facts in the petition. (2) The .plaintiff in this suit having acquired the title to the land de- scribed in the petition subject to the deed of trust, had the same right to redeem it from the deed of trust as. his grantor, Dennis, had. *Lapsley v. Howard*, 119 Mo. 489. (3) While the agreement between plaintiff's. grantor, Dennis, under whom he claims, and the de- fendant, M. B. Moberly, to extend the time of the pay- ment of the $400 note to January 15, 1894, and the $250 note until during the fall of 1894, was without any legal consideration when made, it was afterward recognized by the parties, and the $400 note paid in accordance with this agreement. And plaintiff purchased the land, relying upon the agreement to extend the time of the payment of the $250 note until during the fall of 1894, and the defendant is estopped from denying the valid- ity of the agreement. 7 Am. and Eng. Encyclopedia

of Law, page 32; *Longfellow v. Moore*, 102 Ill. 289; *Keys v. Scanlon*, 63 Wis. 345; *Haney v. Ray*, 54 Mich. 638; *Winchester Mfg. Co. v. Fange*, 109 U. S. 631.   (4) The deed of trust made all the notes due upon the default of any one of them only for the purpose of distributing the proceeds of the trust property in the event of a sale of the same.   *Morgan v. Morton*, 32 Mo. 438; *Mason v. Barnard*, 36 Mo. 384; *Whelon v. Reilly*, 61 Mo. 578; *Herrick v. Erskine*, 45 Mo. 484.   The deed of trust is mere collateral to the debt it is intended to secure.   *Logan v. Railroad*, 43 Mo. App. 71; *Fisher v. Johnson*, 51 Mo. App. 157; *Meads v. Hutchison*, 111 Mo. 620.   (5)   The tender of the amount of the $250 note and all interest due, by the plaintiff on the eleventh day of October, 1894, and before the sale of the land or anything had been done toward selling the same under the deed of trust, was sufficient to prevent the sale, although the deed of trust provides that in case of a failure to pay the debt or interest or any part thereof when the same became due, the entire debt, principal and interest, should become due and the property sold for the same.   *Lapsley v. Howard*, 119 Mo. 489; *Philips v. Bailey*, 82 Mo. 639; *Whelan v. Reilly*, 61 Mo. 565.   (6)   Injunction will lie to restrain the sale of land under the deed of trust and prevent a cloud being cast upon the title.   *McPike v. Penn*, 51 Mo. 63; *Vogler v. Montgomery*, 54 Mo. 577; *Martin v. Jones*, 72 Mo. 23; *Gardner v. Terry*, '99 Mo. 523; *Longfellow v. Moore*, 102 Ill. 289; *Keys v. Scanlon*, 63 Wis. 345; *Haney v. Ray*, 54 Mich. 638.

BURGESS, J.—This is a suit to enjoin a trustee's sale.   Defendants demurred to the petition which was overruled, and defendants refusing to plead further judgment was rendered for plaintiff perpetuating the injunction, and defendants appealed.

The facts are as follows:

In December, 1892, defendant Moberly sold to John R. Dennis a tract of land containing two hundred and twenty acres in Grundy county, Missouri, at the price of $3,950, a part of which was paid in cash, and for the balance Dennis executed his promissory notes, one for $400, due May 18, 1893; one for $250, due April 15, 1894, and thirteen other notes one falling due every twelve months thereafter. At the time of the execution of the notes, defendant Moberly executed to Dennis a warranty deed for the land, and he in return, his wife joining with him, executed a deed of trust on the same land to defendant Parker as trustee to secure the payment of all of said notes.

By the terms of the deed of trust it is provided that if default be made by said Dennis in the payment of the notes secured thereby or the interest, or any part thereof, when the same becomes due and payable, the whole amount secured thereby, both principal and interest, should become due and payable.

The first note became due, May 18, 1893, and was paid by Dennis in January, 1894. In May, 1893, a verbal agreement was entered into between Dennis and Moberly to the effect that if Dennis would pay the first note, that is, the $400 note, in January, 1894, that the time of payment of the next note would be extended until the fall of 1894.

On the tenth day of October, 1894, Dennis sold and conveyed by deed of general warranty all of said land to plaintiff. Thereafter, on the eleventh day of October, 1894, plaintiff tendered to defendants the full amount of said $250 note, and interest then due according to its terms, but they refused to receive the same unless the full amount of all the notes secured by said deed of trust, including interest, was paid, and said defendant Parker advertised the land for sale on the

seventh day of November, 1894. Plaintiff then procured an injunction restraining him from proceeding with the sale.

It appears from the allegations in the petition, that there was no consideration for the promise by defendant Moberly to Dennis to extend the time of payment of the second note that became due. The promise was made subsequently to the execution of the notes, and was only that which Dennis was at the time legally bound to do, hence no consideration. 1 Parsons, Cont. [7 Ed.] *437; 3 Am. and Eng. Encyclopedia of Law, 834, and authorities cited.

There is no averment of a promise by Dennis to pay the interest in advance, or an increased rate of interest, or of any new consideration which was necessary in order to give such a contract any obligatory effect.

A contract for forbearance after the debt is contracted to a date named after maturity of a note, for a new consideration, is a new contract, and binding upon the parties thereto. *Warner v. Campbell,* 26 Ill. 282; *Dickerson v. Commissioners,* 6 Ind. 128; *Wright v. Bartlett,* 43 N. H. 548; *Clarkson v. Creely,* 35 Mo. 95; *Royal v. Lindsay,* 15 Kan. 591; *Bank v. Mallett,* 34 Me. 547; *Williams v. Scott,* 83 Ind. 405; *Hubbard v. Ogden,* 22 Kan. 363; *Preston v. Henning,* 6 Bush (Ky.), 556; *Mfg. Co. v. Bradley,* 105 U. S. 175.

But no such contract was made between Dennis and Moberly.

Plaintiff having acquired by deed Dennis' equity in the land, has the right to pay either one or all of the notes given by him for the purchase money as they become due (*Lapsley v. Howard,* 119 Mo. 489), and the only question is, as to his right to pay off the one note due at the time he made the tender under the provisions of the deed of trust by which all the notes

described therein became due, in default of the payment of any one of them according to its terms and conditions as provided thereby, and thus prevent the sale of the land by the trustee in said deed.

A similar question was before this court in *Whelan v. Reilly*, 61 Mo. 565, in which the deed of trust under consideration in that case provided that in case of default in the payment of the interest notes, of which there were a number, then the whole debt should become due and payable, etc. On default made in the payment of two of the interest notes when they became due the trustee in the deed of trust advertised the property covered by said deed for sale to pay all the notes. And before the day of sale a tender was made to the trustee of a sufficient amount to pay the interest notes then due and the costs up to that time, which the trustee refused unless the principal note was paid, and proceeded to sell the property. It was held, in a suit by the grantor in the deed of trust to set aside the sale, that default in the payment of the interest notes was cured by the tender made, and the sale was without authority and illegal. That case was followed and approved in *Philips v. Bailey*, 82 Mo. 639, and its correctness has never been called in question.

There is no difference in principle between the *Whelan* case, and the one in hand. The only difference being, in that case default was made in the payment of the interest notes, while in this, default was made in the payment of one of the principal notes. If the sale could be set aside as was done in that case, on the ground that the tender before sale cured the default, we can conceive of no reason why injunctive relief should not be granted under similar circumstances, and thereby avoid the necessity of an action to set aside the sale. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.