HEZ BROWN et al. v. JOSEPH E. KENNEDY et al.,
Appellants.

Division One, July 1, 1925.

1. **DEED OF TRUST:** Foreclosure: Failure to Pay Interest: Maturity
   of Entire Debt: Belated Tender. Where the principal note itself
   provides that, upon failure to pay a coupon interest note when it
   becomes due, the entire principal sum and accumulated interest,
   at the election of the legal holder, shall immediately become due
   and payable, and a deed of trust securing the payment of both
   principal and coupon notes contains the same provision, a failure
   to pay a coupon interest note when it becomes due matures the
   entire debt, and the deed of trust may be foreclosed at the elec-
   tion of the legal holder; and a tender of only the amount of a
   coupon note past due, after foreclosure proceedings have been be-
   gun, is no ground for enjoining the sale.

2. ———: ———: ———: Debt Matured by Note Itself: Effect of
   Tender. A distinction is to be drawn between a provision in the
   deed of trust alone that, upon a failure to pay interest when due,
   the entire debt shall immediately become due and payable, and a
   like provision in both the note and deed of trust. The deed of
   trust is in a sense collateral and affects only the security of the
   debt, and a tender of what is due does not endanger or lessen the
   security. But where the note itself contains a provision that a
   failure to pay a coupon interest note when it becomes due shall
   operate to mature the entire unpaid debt, such provision is a basic
   part of the contract; and a tender of the amount of interest due
   on a coupon note after it becomes due, and seventeen days after
   publication of notice of foreclosure and sale have been begun be-
   cause of failure to pay such interest note, with no tender of the
   principal debt, will not operate to stop foreclosure proceedings, and
   is not a legal basis to enjoin the sale.

---

Corpus Juris-Cyc. References: Mortgages, 27 Cyc. p. 1135, n. 70; p.
1136, n. 71; p. 1522, n. 96; p. 1523, n. 5.

Appeal from Macon Circuit Court.—*Hon. Vernon L.
Drain,* Judge.

REVERSED AND REMANDED (*with directions*).

*Matthews & Jones* and *C. G. Buster* for appellants.

(1)  A note, and a deed of trust, given to secure it, both executed at one time, are one contract, and must be construed together, so that effect may be given to all the terms of both instruments where possible to do so. Rumsey v. People's Ry. Co., 154 Mo. 246; Truchon v. Mackey, 171 Mo. App. 47; Phillips v. Bailey, 82 Mo. 639; Wilson v. Reed, 270 Mo. 406.  (2)  A deed of trust may be foreclosed before the maturity of the note which it secures, if it has provisions or conditions upon which a forfeiture will take place.  Wilson v. Reed, 270 Mo. 400; Rumsey v. People's Ry. Co., 154 Mo. 246; Truchon v. Mackey, 171 Mo. App. 47; Phillips v. Bailey, 82 Mo. 639. (3)  The rule in Missouri is that there may be no misunderstanding and, to state it in plain terms, we hold that where a sale is made under a deed of trust on the grounds that there has been default in the interest, and it appears, or is found, that there has been a tender of the interest and costs prior to the sale, then the debtor is entitled to redeem upon making proof of such facts, unless precluded by specific terms of the contract.  Potter v. Schaffer, 209 Mo. 596.  The sale may be stopped where the deed of trust only provides for making the sale before the maturity, but if the basic contract makes the whole debt due and payable, provides for a sale by specific terms, then the sale cannot be stopped, and especially where the note provides that the sale is to go on "without notice" and "anything to the contrary notwithstanding."  (4)  The basic contract fixing the time of payment of a note is one of the requisites of the note in order to make it a negotiable note, and the note payable on default of interest fixes the time as specifically as within six months after date.  One agreement in the note is as important to the lender and to the borrower as the other, and if the courts ignore, strike out, and obliterate the date of payment in the note, they are altering the note by a material alteration through a decree of the courts, which, if done by an individual, would make the

note null and void. Potter v. Schaffer, 209 Mo. 596; Kennedy v. Ross, 25 Pa. 256.; Dobbins v. Parker, 46 Iowa, 357. (5) Tender of unpaid interest six months after the maturity of the note, and the right to foreclose the mortgage as accrued under an option to consider the whole sum due will not default the foreclosure. Swearingen v. Lahner, 26 L. R. A. 765; Horn v. Bennett, 24 L. R. A. 800.

*Dan R. Hughes* and *John R. Hughes* for respondents.

(1) Injunction is the proper remedy when a trustee under a deed of trust attempts to sell lands upon a default in the payment of interest and before the maturity of the note, after the amount due, including cost and expenses, have been tendered. Wolz v. Parker, 134 Mo. 458. (2) Where the note and deed of trust provided that upon a default of the payment of interest when due, the mortgagee might declare the entire debt due, still the mortgagor has the right to pay the amount due, including cost, and prevent the trustee's sale. Whelan v. Reilly, 61 Mo. 565; Thornton v. Bank, 71 Mo. 221; Philips v. Bailey, 82 Mo. 639; Wolz v. Parker, 134 Mo. 458; State ex rel. v. Ross, 136 Mo. 259; McClung v. Trust Co., 137 Mo. 106; Potter v. Schaffer, 209 Mo. 586. (3) A forfeiture of a deed of trust is not favored by the law and in this State the courts will prevent a forfeiture when possible. Whelan v. Reilly, 61 Mo. 565; Philips v. Bailey, 82 Mo. 639; Potter v. Schaffer, 209 Mo. 586. (4) Plaintiffs having acquired the interest of the mortgagors had the right to pay the amount due under the deed of trust and prevent a foreclosure. Lapsley v. Howard, 119 Mo. 489; Wolz v. Parker, 134 Mo. 458; Knollenberg v. Nixon, 171 Mo. 445. (5) Tender of amount due under the original contract will prevent a foreclosure sale. Duncan v. Home Co-operative Co., 221 Mo. 315.

WOODSON, J.—The plaintiffs brought this suit in the Circuit Court of Macon County against the defend-

309 Mo. Sup.—22.

ants to enjoin the sale of certain real estate under a deed of trust given to secure the payment of a note for $9,500, executed by one Bush and wife, with certain interest coupons attached. The note itself provided that the failure of the payment of any one of the coupons when due should mature the entire indebtedness.

Joseph E. Kennedy was the trustee, and Clyde L. Martin was the payee. Martin was the president of the Macon County Bank, and indorsed the note to the bank. Bush was the owner of the land, and he defaulted in the payment of the interest evidenced by the first interest coupon, and after notice from the owner of the note that the interest was due, and after some negotiations, he notified Martin to proceed to the foreclosure of the deed of trust. The appellant Kennedy, as trustee for the bank, began the foreclosure proceeding, and published the usual notice of foreclosure for some seventeen days in succession.

After the notice for foreclosure had run for some seventeen days, the respondents, Hez Brown and George T McDowell, purchased the legal title from Bush, and tendered the Macon County Bank, the owner of the $9,500 note, the amount of the interest accumulated on the cou- pon together with the costs of foreclosure up to that time. The appellant Martin, as president of the Macon County Bank, declined to accept the amount tendered and de- manded payment of the entire amount due under the said $9,500 note. Payment of the note and interest was re- fused, and before the day advertised for the sale of the property under the deed of trust, the appellant sued out an injunction to prevent the contemplated sale. The note for $9,500 provided that in case of failure to pay the interest when the same became due, then at the elec- tion of the legal holder of said note the entire principal sum and the accumulated interest thereon should become immediately due and payable. The deed of trust given to secure said note was of even date with said note, and provided that in case of failure to pay the interest on said principal note when the same became due then

the principal sum of said note and the accumulated interest thereon should become immediately due and payable at the election of the holder of said note, and that the trustee in the deed of trust might proceed to sell said land to satisfy said debt.

It is the contention of the appellants that by virtue of the provisions of the note and deed of trust given to secure the same, and by reason of the election of the legal holder thereof, the trustee, at his direction, was authorized to sell the security and apply the proceeds to the payment of the debt. The appellants further contend that by reason of the direction of the owner of the legal title to the trustee to proceed with the sale, his subsequent vendor was estopped to prevent the same.

The case was tried at the December, 1921, term of the Circuit Court of Macon County, and verdict and judgment entered in favor of the plaintiff; and from that judgment arises this appeal.

I.   Counsel for appellant first insist that under the terms of the *note* and *deed of trust* given to secure the note the payee thereof had the right to maintain the foreclosure proceedings.

In the case of Clark v. Paddock, 46 L. R. A. (N. S.) 475, the Supreme Court of Idaho, in discussing this question, said: "Provisions in a mortgage that default in payment shall mature the entire debt at the option of the holder, and in the note secured by the mortgage, that default shall render the whole sum immediately due and collectible, will be construed together and held to mean that default will render the whole sum due at the option of the creditor."

In the case of Swearingen v. Lahner, 26 L. R. A. (Iowa) 765, the Supreme Court held that the "tender of unpaid interest six months after the maturity of the note and the right to foreclose the mortgage has accrued under an option to consider the whole sum due, will not defeat the foreclosure."

1 Jones on Mortgages, Section 76, says: "A stipula-tion that the whole sum shall become due and payable upon any default in the payment of the principal or interest is universally held to be legal and valid. It is not objectionable in the nature of a penalty or forfeiture," citing many cases.

In the case of Fletcher v. Daugherty, 13 N. W. (Neb.) 207, the court said: "A provision in a note secured by a mortgage, that, 'upon a failure to pay any of said interest within thirty days after due, the holder may elect to consider the whole debt due, and it may be collected at once,' *held*, to control a general provision in the mortgage, and to restrict the right, in case of a default of payment of interest, to declare the debt due to the holder of the note."

So said this court in the case of Rumsey v. Peoples Ry. Co., 154 Mo. 215: "A clause in a deed of trust which authorizes a foreclosure on default for thirty days in the payment of coupon interest notes, is a valid provision and self-executing for the purpose of enforcing the mortgage security, and justifies a decree of foreclosure whether the principal debt is due or not."

So in the case of Wilson v. Reed, 270 Mo. 401, l. c. 406, the same doctrine was announced.

In my opinion all these cases sustain the contention of counsel for appellant: namely, that where the note itself provides that the failure to pay any of the interest when due shall mature the entire debt, and authorize the foreclosure of the deed of trust, I can see no good reason why this should not be true. It is a substantial part of the basic contract made and entered into between the parties, and I believe in all such cases the courts should give full force and effect to them.

II. Upon the other hand counsel for respondents contend that if the debtor tenders to the trustee, or creditor, all that is due under the note and deed of trust, including interest and cost, such tender should and legally does stop the sale of foreclosure, and cites the following cases in support: Whelan v. Reilly, 61 Mo. 565;

Philips v. Bailey, 82 Mo. 639.; Wolz v. Parker, 134 Mo. 458; State ex rel. v. Ross, 136 Mo. 259; Potter v. Schaffer, 209 Mo. 586.

I have carefully examined each and all of these cases, and find that the mortgage or deed of trust only provides that if any of the interest is not paid when due the entire debt shall become due and payable, and that a tender of whatever sum is due before the foreclosure takes place, will stop the foreclosure proceedings. There is no question but what counsel for respondent is correct in this contention, but that is not the proposition here presented for determination.

In those cases the deed of trust is collateral, as it were, and only affects the security of the debt, and the tender of what is due could not, and probably would not, endanger or lessen the security. But in this case, the basic part of the contract says that the entire debt shall become due, and what right have the courts to say that they will not enforce such contracts fairly and honestly made and entered into? But, it may be contended, that the same may be said of the deed of trust. We think not. While the deed of trust is a part of it, yet it is in fact collateral to the basic contract.

For the error suggested, the judgment is reversed and the cause remanded, with directions to enter judgment for the defendants, and to dismiss plaintiffs' bill. All concur.