Orvis E. TIPTON and Bonnie L. Tipton, Appellants,

v.

William C. HOLT and Henry E. Chandler and Carolyn A. Chandler, Respondents,

and

Ronald E. Landess and Sondra J. Landess, Appellants,

and

Daniel Floyd and Joyce Floyd, Intervenors-Respondents.

No. WD 31302.

Missouri Court of Appeals, Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied May 11, 1981.

Alden S. Lance, Savannah, for Tiptons.

James H. Counts, St. Joseph, for Landesses.

Raymond O. Sears, Savannah, for Holt.

Dan Hale, St. Joseph, for Chandlers.

Larry L. Zahnd, Maryville, for Floyds.

Before WASSERSTROM, C. J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The plaintiffs Tipton, obligors on a note and grantors [mortgagors] of real estate under a deed of trust to secure the money obligations on the note, sought to enjoin the trustee from delivery of a deed to the purchasers at the foreclosure sale. The plaintiffs Tipton contend that they satisfied the full debt under the note—then in default—by lawful tender to the trustee *before* foreclosure, and so are entitled to a certificate of redemption from the trustee under § 443.400, RSMo 1978, as evidence of the discharge of obligation. The foreclosure purchasers, the defendants Floyd, contend that one of the obligations on the promissory note was to pay the holder a reasonable attorney fee in the event collection was by foreclosure, and that the tender—even if otherwise sufficient—did not include that payment. The court found that a valid statutory redemption before foreclosure was not made by the grantors Tipton, refused injunction, and ordered the trustee to deliver his deed to the purchasers Floyd. The grantors [mortgagors] Tipton appeal.

The note was given by the Tiptons to secure the balance of the purchase price of a farm property from the Chandlers. The note was secured by a deed of trust conveyed to Holt as trustee. The payments were due in installments and came into default on December 15, 1978. The Chandlers notified the Tiptons that they elected to exercise the option to declare the entire amount on the note, with interest, immediately due and payable. The foreclosure of the deed of trust was commenced by attorney Hale by a legal notice and publication of the sale of the property by trustee Holt

on March 12, 1979. The promissory note provided:

> If this note is collected by suit or foreclosure of any mortgage or trust deed securing the same, the maker, and endorsers hereof agree to pay reasonable expenses of collection including attorney fee.

On March 5, 1979, the Tiptons served on trustee Holt and cestui que trusts Chandler a notice of intention to redeem the mortgaged real estate. Then, on March 9, 1979, attorney Lance for the Tiptons delivered to trustee Holt a check for $36,320.93, as payment of principal and interest to March 9, 1979, inclusively, fee for the trustee and cost of foreclosure publication. The attorney also left with trustee Holt a certificate of redemption for execution and a statement of the constituent items of the payment. The check was drawn on the trust account of attorney Lance and indicated on the face that the payment was for "redemption of Orvis Tipton deed of trust and note."[1] The trustee Holt refused tender on information from attorney Hale for the grantees Chandler that an additional $3590 [an amount equal to ten percent of the principal and interest] was due as an attorney fee by the terms of the note, in addition to the accelerated payment and other expenses.

The foreclosure was conducted on March 12, 1979, despite the declaration of attorney Lance that the property had already been redeemed by grantors Tipton. In attendance were grantors-mortgagors Tipton with attorney Lance, grantees-mortgagees Chandler with attorney Hale, Landess [purchaser of the land under a contract with the Tiptons], Floyd, successful bidder at the foreclosure sale, and trustee Holt. The bids were between attorney Hale for the grantees-mortgagees Chandler and the Floyds who purchased for $42,000. The next day the Tiptons sued to enjoin the trustee Holt as defendant from delivery of the deed to the Floyds and to direct the execution of a certificate of redemption to the Tiptons. The mortgagees Chandler were joined as defendants. The Landesses intervened by a third-party petition against the Tiptons for specific performance of the contract to sell the land and, alternatively, for damages for the breach. The Landesses also cross-claimed against trustee Holt and mortgagees Chandler to enjoin the sale to the Floyds. The Floyds also intervened by third-party petition against Trustee Holt, the mortgagees Chandler, and the putative contract purchasers Landess for declaratory judgment that the foreclosure sale was valid and to direct the trustee to deliver a deed. The defendants-mortgagees Chandler moved for summary judgment. The court sustained the contention of foreclosure sale purchasers Floyd, ordered trustee Holt to deliver his deed to the real estate to the Floyds, enjoined the Landesses from interference with that title and possession, ordered the trustee to make distribution from the money on hand from the sale, and denied relief to the plaintiffs Tipton except that the trustee pay over to them any surplus from the foreclosure sale funds.

■ In a deed of trust transaction, the grantor conveys a lien upon the land to the trustee to secure repayment of a debt. *Coleman v. Crescent Insulated Wire & Cable Co.*, 350 Mo. 781, 168 S.W.2d 1060, 1065[4, 5] (1943). The deed of trust, in effect, merely pledges the land for the mortgage debt. *Jackson v. Johnson*, 248 Mo. 680, 154 S.W. 759, 764[6] (1913). The grantor of the deed of trust continues as owner of the land until entry for breach of condition, and then foreclosure under power of sale. *R. L. Sweet Lumber Co. v. E. L. Lane, Inc.*, 513 S.W.2d 365, 368[1–2] (Mo. banc 1974). Performance of the conditions, or tender of the performance before sale,

---

1. The funds were derived from the defendants Landess, husband and wife, who contracted with the Tiptons on March 5, 1979, to purchase the property for $45,000 and deposited $43,500 of that sum into the Lance account as escrow agent.

however, will defeat the power of sale in a deed of trust. "Such performance or tender extinguishes the power, and a sale afterwards under the power, even to an innocent purchaser, will be void." *Benton Land Company v. Zeitler*, 182 Mo. 251, 81 S.W. 193, 199 (1904). The conditions of performance are according to the integral terms of the note and deed of trust. *Canton Trust Co. v. Durrett*, 320 Mo. 1208, 9 S.W.2d 925, 927[1–5] (1928). The note describes the debt and repayment [and hence the conditions of default]; the deed of trust creates a lien to secure the terms of repayment to which [as in this case] it refers. Therefore, the note is the basic contract to which the deed of trust is collateral. *Thielecke v. Davis*, 260 S.W.2d 510, 511[1, 2] (Mo.1953); *Brown v. Kennedy*, 309 Mo. 335, 274 S.W. 357, 358[2] (1925). Whatever discharges the debt, discharges the collateral. The performance, or tender of performance due on the note—even after default—therefore, releases the collateral lien and defeats the power of sale in the deed of trust. *Blades v. Ossenfort*, 481 S.W.2d 531, 535[3–5] (Mo.App.1972); *McClung v. Missouri Trust Co.*, 137 Mo. 106, 38 S.W. 578, 582 (1897); *Benton Land Co. v. Zeitler*, supra, l. c. 199; § 443.400.

■ The contention is not as to these principles but whether, conformably to them, the tender by the grantors Tipton to the trustee amounted to the performance then due on the note. The tender included the accelerated principal plus interest, the expense of publication and the statutory fee for the trustee.[2] The note [as already cited] provided that *if this note is collected by suit or foreclosure of any trust deed securing the same*, then the maker agrees to pay a reasonable attorney fee. The contentions do not involve the validity of that term of performance [*Thielecke v. Davis* and *Brown*

*v. Kennedy*, supra], but when that obligation accrues. That depends upon the sense of that provision as a term of the integral basic contract and deed of trust.

The payment of an attorney fee—by the very terms—becomes an obligation of the maker only if the note is *collected* by suit or foreclosure. The holders Chandler brought no suit to collect the debt on the note, nor could the note be *collected* by foreclosure, other than by sale. The foreclosure of the lien without a sale of the land *collects* no proceeds and pays no attorney fee. The promissory note term for the payment of an attorney fee "if this note is collected by suit or foreclosure" describes, also, the nature of the legal services subject to compensation. The payment of an attorney fee, therefore, was not a condition of tender for redemption of the property after foreclosure but before sale. [See, by close analogy, *Pine Lawn Bank and Trust Company v. Urbahns*, 417 S.W.2d 113, 119[12, 13] (Mo.App.1967)]. The court gave that exact effect to the term of the basic contract by an order which adjudicated to the Chandler attorney an allocation of fee from the *proceeds* of the sale of the land.

Another consideration prompts our determination: to construe the note to impose a reasonable attorney fee—otherwise unspecified as to sum or percentile—as an incident of redemption *before sale*—is to impair the exercise of the equity of redemption § 443.-400 confers upon a grantor-mortgagor. That procedure requires that redemption before sale be made by *payment* to the trustee [or other officer] charged with the foreclosure. The *payment*, other than for statutory fees, is defined by the obligation of the integral note and deed of trust. *Brown v. Kennedy*, l. c. 358[2], supra; *Thielecke v. Davis*, l. c. 511[1, 3], supra; § 443.-

---

2. The letter of advice by which attorney Lance transmitted the tender of $36,320.93 to trustee Holt on behalf of grantors Tipton delineated these components:

   $32,000.00—principal sum of the note

$ 4,068.45—accrued interest inclusive to the date of tender
$ 37.13—cost of foreclosure publication
$ 215.35—statutory fee for the trustee

360. An agreement to pay a *reasonable* attorney fee connotes that the value of services remains yet to be determined—presumably, by further agreement or by litigation. The *payment* requisite to redemption *before* sale under the statute, however, relates to those obligations then ascertainable and due from the mortgagor to the mortgagee. A mortgagor ready to redeem the real estate after default has only until "before the sale" under § 443.300 to make the payment. Where the obligation imposes a *reasonable* attorney fee without further definition of amount [and hence becomes an element of the *payment* necessary to redeem under the statute], a mortgagee may defeat that exercise of the equity of redemption by mere refusal to agree, however unjustifiedly, to the value of the services and thus compel resort to litigation. The statute, however, describes a peremptory right of redemption before sale by the mortgagor simply upon *payment* of the obligation due, unencumbered by extraneous litigation. We assume the mortgagors Tipton and the mortgagees Chandler executed the promissory note—the term for a reasonable attorney fee upon collection by foreclosure, included—conformably to the statutory purpose of § 443.400.

An uncertain obligation as to the payment of an attorney fee hampers not only an exercise of right by the grantor-mortgagor, but also puts in doubt the duty of the trustee. The attorney Lance for the mortgagors Tipton remitted to trustee Holt a check for payment and redemption some time before the published date of sale. Holt was informed by the mortgagees Chandler and attorney Hale, however, that

the tender was insufficient for lack of an attorney fee. The note, however, specified no amount, but only a *reasonable* fee. A conversation between attorney Hale and trustee Holt prior to the sale date indicated to Holt that: "in order to stop the sale . . . we were talking something about a ten percent addition on top of that . . ." There was no information given to trustee Holt as to how the attorney fee was calculated, the sum claimed, nor the total *payment* the mortgagees Chandler deemed sufficient to stop the sale. There was no doubt that attorney Hale for the mortgagees informed attorney Lance for the mortgagors that the demand was for an attorney fee of $3,590, an equivalent of ten percent of the accelerated principal and interest due.[3] The want of a specific sum due as attorney fee in the event of default[4] [and so as an element of *payment* for redemption prior to sale] presented the trustee with a quandary as to his duty:

> First, I told Mr. Lance I didn't know the law. Secondly, according to Mr. Chandler and Mr. Hale, which was written in the notice, there was a reasonable attorney's fee, which is a standard clause in most notes. Therefore, what he was trying to do, basically they said it wasn't the right amount. Mr. Lance said it was. If I accepted that and go from there, possibly I am opening myself to a lawsuit from other parties for not collecting enough fees.

■ A trustee in a deed of trust represents all the parties and the execution of trust must be impartial as to them all. In that duty, a trustee cannot be expected to

---

**3.** The trial testimony of attorney Hale contended for a sum "anywhere from ten to fifteen percent of the amount *collected* on." [emphasis added] The judgment awarded as a reasonable attorney fee was actually $3,758. The mortgagor Tipton testified that, in fact, he was willing to pay an attorney fee to redeem prior to sale, but apparently was dissuaded by his counsel. At the trial the mortgagors Tipton tendered $500 but were refused by the mortgagees Chandler.

**4.** We do not mean to suggest that a note which allows—as the mortgagees contend for the instrument in issue—an attorney fee upon mere default without need of suit or sale for collection [that is, without performance of commensurate legal services], would be conscionable. The question of nonconscionability against the effect the mortgagees contend for the attorney fee provision is neither raised nor decided.

incur risk. Where the integral trust instruments lack direction, a trustee may require for protection the intercession of a tribunal to determine the disparate contentions. *McClung v. Missouri Trust Co.*, 137 Mo. 106, 38 S.W. 578, 581 (1897). To put the trustee to such a recourse to define the obligation of the payment due from the mortgagor to redeem before sale contradicts the remedial purpose of § 443.400. The terms of the note understood in the perspective of the statutory end mean that a reasonable attorney fee for the collection of the debt by foreclosure accrued upon the sale of the security. The tender of payment to redeem after default but before sale under § 443.-400, by the terms of the integral note and deed of trust, therefore, did not include an attorney fee.

The mortgagees Chandler contend that the tender by the Tiptons nevertheless was not a *payment* under the statute for redemption before sale because the amount was insufficient either as to interest due or as to expenses of foreclosure. The tender by attorney Lance for the Tiptons to trustee Holt was on March 9, 1979. The profert was a check in the sum of $36,320.93.[5] At the trial, the mortgagees Chandler contended that, attorney fee aside, the payment for redemption before sale amounted to $36,-646.13. On appeal, they contend $36,520.78 as the true payment for redemption. The mortgagees never informed trustee Holt prior to the foreclosure sale the payment necessary for redemption, nor the components of that payment. The evidence at the trial to support the contention of $36,646.13 as the redemption payment due was so ag-glomerated with extraneous proofs of costs and fees of an unrelated litigation as to confound any clear basis for that calculation.[6] The evidence for the sum contended for in the brief on appeal—$36,520.78 as payment required, exclusive of attorney fee, to make redemption before sale—was more exact. That total included the principal and interest to date of tender, the publication cost, an abstractor's fee, cost for a copy of the deed of trust, and trustee's fee.

The discrepancy between the tender by the Tiptons [$36,320.93] and the tender, exclusive of attorney fee, the Chandlers contend for [$36,520.78] was $199.85. The computations by the mortgagees Chandler include an $86 charge for the abstractor on the premise that a current state of recordations was necessary for notice antecedent to foreclosure.[7] That information was accessible simply by a perusal of the records. The intercession of an abstractor for that purpose was not sanctioned either by statute or by the obligations between the mortgagors and mortgagees, hence the charge for that service was gratuitous. Another element of the $36,520.78 the mortgagees assert was the payment [attorney fee aside] for redemption before sale was $67.20 as interest upon interest from the date of default until tender. The promissory note makes no provision for such a surcharge. The tender by mortgagors Tipton included also $215.35 for the trustee. The compensation of a trustee of a deed of trust under the note and deed of trust, conformably with the provision of § 443.360, however, does not accrue until *sale* of the security. The tender by the Tiptons, therefore,

---

5. No question is brought as to the validity of the check. The trustee Holt, vice-president of the bank upon which the instrument was drawn, verified that the funds were, and remain, on deposit.

6. The judgment of the trial court determined that a redemption before sale was not made so that the foreclosure sale was justified. The allocations of principal and interest, attorney fee and costs adjudicated by the judgment,

therefore, are accrued payments after sale, and do not bear on the sufficiency of the tender to redeem before that event.

7. We assume the contention refers to the obligation of a party who forecloses under a power of sale to give notice by special mail to those who have filed with the recorder of deeds a request for such a notice under the terms of § 443.325, RSMo 1978.

was in a sum commensurate with the obligations assumed and otherwise imposed by law for redemption before sale.

The judgment is reversed and remanded with directions that the trial court set aside the sale under foreclosure and instruct the trustee to execute a certificate of redemption to the plaintiffs Tipton.

The motion by the respondents Chandler for frivolous appeal is denied.

All concur.