**In re Ellen Edna STOLBERT, Debtor.**

**Bankruptcy No. 87–05354–W–13.**

United States Bankruptcy Court,
W.D. Missouri.

June 14, 1988.

Kelly P. Finn, Legal Aid of Western Missouri, Kansas City, Mo., for debtor.

Phillip L. Baker, Hyatt Legal Services, Kansas City, Mo., for Nina Tower.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor and creditor have submitted this matter to the Court on Stipulation. Their dispute focuses on which, if any, costs of a foreclosure, aborted by this bankruptcy proceeding, may be added to the principal balance due on a promissory note secured by a deed of trust on debtor's residence. Creditor is oversecured and thus by virtue of 11 U.S.C. § 506, is entitled to collect interest and any other costs that creditor's note or security documents entitle creditor to collect. The problem herein is that creditor's documents, although legally sound and valid, neither contemplated default nor provided for penal consequences in the event thereof. The note's only provision about default says: "If default is made in the payment of any installment when due, then all the remaining installments shall become due and payable at once". The only provision in the deed of trust recites that the Trustee: "shall receive the proceeds of said sale out of which he shall pay *first* the cost and expenses of executing this trust, including compensation to the Trustee, for his services" ... "next to the holder ..." "all moneys paid for insurance or taxes and judgments upon statutory liens, claims and interest thereon" ... and finally: "all said note then due and unpaid".

Prior to the filing of the Chapter 13 proceeding, debtor was in default, creditor had determined to foreclose and had engaged the services of an attorney who, in turn, had ordered an Ownership and Encumbrance Certificate from the title company in order to determine to whom the Notice of Foreclosure needs must be sent to comply with the provisions of R.S.Mo., § 443.325. At this point in the proposed foreclosure action, debtor filed the instant case. Creditor has filed a secured proof of claim for the principal balance due, the accrued interest, the cost of the O & E Certificate and the attorney fees charged for the preliminary foreclosure work. Debtor objects to inclusion of these latter two items, and both parties have dropped the entire matter (somewhat like an unwanted kitten in an unsuspecting trick or treater's sack) in the lap of the Court for determination.

The counsel for the parties have not done their homework, because neither cite the controlling case in this matter. The Missouri Court of Appeals, Western District, has heretofore decided this issue in an opinion issued in the case of *Tipton v. Holt*, 610 S.W.2d 659 (Mo.App.1981). Although this Court believes that said opinion reflects a very legalistic and narrow view, rather than one reflecting the customs and mores of actual practice as to the present status of Missouri foreclosure practice, it has not been overruled and is the state law which controls this Court's opinion. Based thereon, the claim of the creditor must be reduced by the amounts attributable to the O & E Certificate and the attorney fees, neither of which the promissory note or the deed of trust specifically require the debtor to pay.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.