**In re John Albert PERKINS & Joy Marie Perkins, Debtors.**

**Bankruptcy No. 91–40206–W–13.**

United States Bankruptcy Court, W.D. Missouri.

May 17, 1991.

Maurice B. Soltz, Kansas City, Mo., for debtors.

Rick Fink, Chapter 13 Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtors filed an objection to the claims of Victoria Mortgage Company. Debtors contend that the claims are $953.54 excessive because said amount represents reinstatement costs which are not properly chargeable to them by the terms of their promissory note and deed of trust. The disputed $953.54 breaks down as follows:

| | |
|---|---:|
| Prior Accrued Late Charges | $    9.24 |
| Certified Mail | 8.00 |
| Trustee's Fee/Attorney's Fee | 250.00 |
| Publication | 321.30 |
| Title Commitment | 165.00 |
| Attorney's Fee on Stopped Foreclosure | 250.00 |
| | $1,003.54 |

Observant readers will have noted a $50.00 discrepancy. The Court can only account for same by suggesting that the mathematics of Victoria Mortgage seem to be on a par with its documentation of its loan rights.

Victoria Mortgage referred the file for foreclosure when it had in its possession a check for all of the past due payments. Victoria Mortgage returned other checks after starting foreclosure and, in effect, literally pushed debtors into this bankruptcy. When debtors obliged, Victoria Mortgage filed the claim described above as well as a claim for the balance due on its promissory note.

The first issue to be resolved is what Victoria Mortgage is entitled to, presuming that every action they took was facially correct. To determine that, the inquiry must start with the promissory note. The note contains no provision for the payment of anything other than principal and interest. It does provide for acceleration in the event of default but does not call for attorney fees, late charges or any of the other

items that Victoria Mortgage seeks. The next item to be examined is the deed of trust. The only provision as to expenses or charges contained in said deed of trust is as follows:

> Said Trustee shall receive the proceeds of such sale, out of which he shall pay, FIRST, the cost and expense of executing this Trust, including lawful compensation to the Trustee for his services as provided by statute, and NEXT, he shall repay any money advanced for taxes, insurance, or other advances or charges as above provided, and NEXT, the amount unpaid on said note together with the interest accrued thereon and all overdue payments and charges provided for herein and the remainder, if any, shall be paid to said borrower.

Observant readers will again note that nothing in those words provides for the payment of accrued late charges, attorney's fee on stopped foreclosure, or a combination trustee's fee/attorney's fee except for the statutory trustee's fee *which the trustee is to pay out of the proceeds of the completed foreclosure sale* and which would have only been $115.00 if the property had sold for the entire balance due. Even such items as certified mail and publication charges, both required by statute, are payable only from the proceeds of the foreclosure sale. Nowhere in the deed of trust is there any provision for any payment of any type in the event the foreclosure sale is not held.

The precise issue of whether such items can be charged, sans sale, and by virtue of documents containing similar verbiage, has already been ruled by the Missouri Court of Appeals in *Tipton v. Holt*, 610 S.W.2d 659 (Mo.App.1981). That court ruled against the holder of the note and deed of trust in comparable circumstances where no sale occurred. In view of the holding of that case and in view of the fact that no where does Victoria Mortgage's paperwork provide for payment of any costs short of foreclosure, the claim of Victoria Mortgage for $953.54 for "reinstatement charges" is DISALLOWED. The Court does not need to reach, and does not reach, the issue of the propriety or reasonableness of Victoria Mortgage's referral for foreclosure under all the circumstances.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.