Thomas E. ROBERTS and Patricia Roberts, husband and wife, Plaintiffs–Respondents,

v.

Ralph RIDER, Substitute Trustee, Defendant,

Walter Janssen, Defendant–Appellant.

No. 20584.

Missouri Court of Appeals, Southern District, Division One.

June 7, 1996.

John E. Curran, Julie Jinkens McNitt, Curran and Clifford, Osage Beach, for appellant.

W. Gary Drover, Camdenton, for respondent.

BARNEY, Judge.

Walter Janssen (Defendant) appeals from a judgment entered by the Circuit Court of Camden County, Missouri.[1] Defendant is a cestui que trust (Mortgagee) of a deed of trust granted by Thomas E. Roberts and Patricia Roberts (Plaintiffs). Plaintiffs are grantors (Mortgagors) and obligors on a note belonging to Defendant. This case arises out of an attempt to foreclose a deed of trust containing a power of sale via the extrajudicial procedure provided for in §§ 443.290—.320.[2] The salient determination in this case is whether or not the Defendant–Mortgagee should suffer a ten percent penalty per § 443.130 for allegedly failing to provide Plaintiffs–Mortgagors a deed of release on the deed of trust after Plaintiffs' payment of the principal, interest and miscellaneous costs per the note, but not an amount for "reasonable attorney fees" as provided by terms of the note.

The evidence shows that on August 1, 1987, the Plaintiffs executed their promissory installment note in the amount of $240,000.00 in favor of Defendant as well as a July 27, 1987, conveyance of certain parcels of land located in Camden County under a deed of trust to secure the money obligation on the note.

With respect to attorney fees, the note contained the following provisions:

> If default be made in the payment of any of said installments when due ... the holder of this note may ... declare all unpaid indebtedness ... due and payable ... and thereupon the undersigned agree to pay all costs of collection, including a reasonable attorney's fee.

Plaintiffs were often tardy on their installment payments culminating in Defendant mailing a letter dated January 15, 1992, by certified mail to Plaintiffs and R & R Investment Company, accelerating the total amount due under the note.[3] Demand was made for payment in full, within ten days, of the principal balance due of $231,699.33 plus interest through January 13, 1992, of $742.70;

---

1. The judgment was denominated as an "Amended Findings of Facts and Conclusions of Law" by the hearing judge. In the body of the instrument there are recitals of judgment. Note that this case was previously remanded by this Court because there was no final judgment from which an appeal would lie. *See Roberts v. Janssen*, 906 S.W.2d 901 (Mo.App.1995). Ralph Rider appears herein as a defendant of record. However, it is clear from the holding of the hearing court that all references to defendant are to Defendant Walter Janssen. Therefore, only Walter Janssen will be referred to as Defendant in the opinion herein.

2. All statutory references are to RSMo1986, unless otherwise indicated.

3. Theretofore the Plaintiffs had conveyed the land in question to R & R Investments Co.; however, on February 16, 1992, R & R Investment Co., reconveyed the land back to the Plaintiffs by a deed recorded March 4, 1992.

interest per diem rate was set at $57.131342 until final payment. In addition, the letter recited that "attorney's fees and late charges in the amount of $210.00 and title evidence expense in the amount of $120.00 [were] incurred as a result of ... default in payment when due." The letter was received by the Plaintiffs on the same date. This was followed by the January 29, 1992, letter by the substitute trustee notifying the parties that the real estate would be sold at foreclosure on February 21, 1992.

On February 17, 1992, Plaintiffs learned that Defendant was requesting attorney fees of $23,000.00 in addition to the payment in full of the note, together with other miscellaneous expenses.

On February 18, 1992, Plaintiffs' attorney delivered a cashier's check to Defendant's attorney in the amount of $234,828.74. On the same date, Defendant's attorney responded in writing that the monies received would be applied to principal, interest due and late charges but that further miscellaneous costs, publication fees, and late charges were due. In addition, Defendant persisted in his demand for $23,000.00 as attorney fees based on "Missouri case law [being] legion with respect to ten (10%) percent being a reasonable amount of attorney fees for a note collection." The letter threatened foreclosure if these miscellaneous expenses and attorney fees were not paid.

Plaintiffs then forwarded an additional check for publication and miscellaneous expenses and another for $320.00 "for attorney's fees and costs of collection claimed due under the note." The hearing court found that Plaintiffs eventually overpaid Defendant by some $988.98. Plaintiffs supplied Defendant with a deed of release to sign but Defendant declined to do so, noting a demand for reasonable attorney fees in the amount of $23,000.00 yet due and payable.

On February 20, 1992, Plaintiffs sought injunctive relief to prevent the foreclosure. On the same date the Circuit Court of Camden County, Missouri, granted Plaintiffs' application for a temporary restraining order and restrained Defendant and the substitute trustee from conducting a foreclosure sale.

On September 21, 1992, Plaintiffs filed their First Amended Petition by adding an additional count for statutory penalties under § 443.130 against Defendant for his refusal to convey to Plaintiffs a deed of release. Defendant counterclaimed for attorney fees in the amount of $23,449.87 (being ten percent of the pay off of the note), and requested an order of the court declaring the note in default for purposes of foreclosing on the note. Defendant also sought a declaratory judgment to determine whether or not Defendant could apply the proceeds of the payoff to first satisfy the outstanding attorney fees due under the note. After a hearing, the trial court entered judgment.

The judgment: (1) enjoined the Defendant and the substitute trustee under the deed of trust, from foreclosing on the real estate previously conveyed by the Plaintiffs under the deed of trust; (2) awarded Plaintiffs $24,-000.00 under the penalty provisions provided per § 443.130, for Defendant's failure to provide a deed of release to the Plaintiffs upon Plaintiffs paying the note in full and granted Plaintiffs an attorney fee in the amount of $8,300.00; (3) granted Defendant an attorney fee of $320.00 versus the fee of $24,449.87 which he had sought; and (4) denied Defendant's request for a declaratory judgment.

On appeal Defendant posits three points of error. In his first point he asserts that the trial court erred in holding that the attorney fees provided by the note were not secured by the deed of trust. In his second point, Defendant argues that setting Defendant's attorney fees under the note at only $320.00 constituted an arbitrary and unreasonable decision by the court indicating a lack of careful consideration. In his last point of error the Defendant asseverates that the trial court erred in awarding the Plaintiffs a statutory penalty under § 443.130 because the facts did not warrant the imposition of a penalty.

Defendant's first and third points of error are interrelated and will be discussed conjunctively. For the sake of clarity, Defendant's Point Two will be taken up last.

Our review is governed by Rule 73.01(c), Missouri Rules of Civil Procedure

(1996), as construed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32. We view the evidence and permissible inferences therefrom in the light most favorable to the judgment, disregarding all contrary evidence and inferences, *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991), mindful that credibility of the witnesses and the weight to be given their testimony were matters for the trial court, which was free to believe none, part or all of the testimony of any witness. *Herbert v. Harl,* 757 S.W.2d 585, 587 (Mo. banc 1988).

Section 443.060.1 requires a mortgagee, when it has received "full satisfaction of any security instrument, . . . at the request and cost of the person making the same, . . . [to] deliver to such person a sufficient deed of release of the security instrument. . . ."

Section 443.130 is the enforcement mechanism for § 443.060.1 and it states:

> If [a mortgagee] . . . receiving satisfaction, do[es] not, within thirty days after request and tender of costs, . . . deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten percent upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction.

▮▮▮ "The purpose of § 443.130 is to 'enforce the duty of the mortgagee to clear the title of the mortgagor, so that it [is] apparent upon examination that the incumbrance of record no longer exist[s].' " *Ong Bldg. Corp. v. GMAC Mortgage Corp.,* 851 S.W.2d 54, 55 (Mo.App.1993). However, § 443.130 is penal in nature and must be strictly construed. *Id.*

▮▮ Defendant argues that he did not obtain satisfaction of the indebtedness owed him, since the promissory note secured by

the deed of trust provided for reasonable attorney fees and the amount he determined to be reasonable (either $23,000.00 in his original demand or $24,449.87 in his counterclaim) were not tendered by Plaintiffs. Therefore, Plaintiffs were not entitled to a deed of release. He argues further that by the very terms of the deed of trust, particularly in the defeasance clause,[4] that his attorney fees were secured by the deed of trust.

> [A] note is the basic contract to which [a] deed of trust is collateral. Whatever discharges the debt, discharges the collateral. The performance, or tender of performance due on the note—even after default—therefore, releases the collateral lien and defeats the power of sale in the deed of trust.

*Tipton v. Holt,* 610 S.W.2d 659, 662 (Mo.App. 1981) (citations omitted).

▮▮ "It has long been recognized that a provision in a promissory note for the payment of an attorney's fee [upon] collection is binding and enforceable. The trial court is not at liberty to ignore it, absent proof that to enforce it would be unreasonable and unconscionable." *Stern Fixture Co. v. Layton,* 752 S.W.2d 341, 343 (Mo.App.1988) (citation omitted). In like manner, the courts have regularly enforced provisions in a note providing for attorney fees based on a specified percentage of the note. *Murphy v. Grisham,* 625 S.W.2d 215, 217 (Mo.App.1981); hence, in *Grisham* the court approved of a 25 percent attorney fee on a note for $120,-000.00, secured by a deed of trust. *Id.* at 217.

▮▮ "An agreement to pay a *reasonable* attorney fee connotes that the value of services remains yet to be determined—presumably, by further agreement or by litigation." *Tipton,* 610 S.W.2d at 663.

> In determining the reasonable value of legal services, the time taken is one element to consider but it may be of minor importance; other considerations are the nature, character and amount of the services rendered, the nature and importance

---

4. The defeasance clause of the deed of trust states in pertinent part: "[I]f the said parties . . . shall . . . pay off and discharge the debt . . .

according to the true tenor, . . . and effect of said note . . . THEN THIS DEED SHALL BE VOID, . . . ."

of the litigation or business in which the services are rendered, the degree of responsibility imposed on or incurred by the attorney, the amount of money or the value of the property involved, the degree of professional ability, skill and experience called for and used and the result produced.

*Grisham*, 625 S.W.2d at 217.

Section 443.060 speaks in terms of an antecedent requirement that a mortgagee or a cestui que trust or assignee receive "full satisfaction" prior to delivering a deed of release of a security instrument (such as a deed of trust). In like manner, Section 443.130, mandates that a person "thus receiving satisfaction" (under a security instrument) must deliver to the person making satisfaction a deed of release. It is clear, however, that the Defendant in the instant case did not receive satisfaction under the note freely entered into between Plaintiffs and Defendant. There obviously remained the question of lawful and reasonable attorney fees that the Plaintiffs were obligated to pay under the express provisions of the note. Until such time as it is determined that a mortgagee's duty to clear a mortgagor's title has arisen and is ripe, there can be no breach of that duty. *Hernandez v. Westoak Realty & Inv., Inc.*, 771 S.W.2d 876, 886 (Mo.App. 1989). Defendant's duty to clear the plaintiffs' title did not arise until the trial court determined that the plaintiffs had paid "full satisfaction" to the defendant.

Missouri courts have long recognized the penal nature of § 443.130 and its predecessors. In *Wing v. Union Cent. Life Ins. Co.*, 181 Mo.App. 381, 168 S.W. 917 (1914), the court noted that this section "is highly penal and must be strictly construed. When the basis of an action is a statute which is highly penal, the statute must not only be strictly construed, but must be applied only to such cases as come clearly within its provisions and manifest intent." *Id.* at 918 (citation omitted).

In granting a penalty in favor of plaintiffs as against defendant for not having supplied a deed of release the trial court relied on the holding in *Tipton, supra.* Therefore, it is necessary to briefly address that holding.

In *Tipton* the note provided for a reasonable attorney fee in the event of collection "by suit or foreclosure." The mortgagors, originally in default, had previously tendered to the mortgagee all amounts due under their note save for reasonable attorney fees due under the terms of the note. The mortgagee refused the tendered monies and proceeded with the foreclosure. The appellate court held that "[a]n uncertain obligation as to the payment of an attorney fee hampers not only an exercise of right by the grantor-mortgagor, but also puts in doubt the duty of the trustee." *Tipton*, 610 S.W.2d at 663. Hence, "[t]he tender of payment to redeem after default but before sale under § 443.400, by the terms of the integral note and deed of trust, therefore, did not include an attorney fee." *Id.* at 664. The court then set aside the sale under foreclosure and instructed the trustee to execute a certificate of redemption to the mortgagors.

The Missouri Supreme Court interpreted the *Tipton* holding as follows:

> The court in *Tipton* held that the 'payment' sufficient to extinguish or discharge a debt and redeem property before sale relates to obligations then ascertainable, prior to foreclosure, and due from mortgagor to mortgagee. The mortgagee could not defeat a statutory right to redeem property by imposing additional conditions that relate to costs which might be incurred after payment of the debt had been made.

*Belote v. McLaughlin*, 673 S.W.2d 27, 29 (Mo. banc 1984).

Several observations may be made in distinguishing *Tipton v. Holt* from the instant case. Whereas the note in *Tipton* provided for a reasonable attorney fee in the event of collection "by suit or foreclosure" the note in the instant case makes no condition to the collection of reasonable attorney fees; it provides that the obligors pay "all costs of collection" (whether by foreclosure, suit or otherwise). Secondly, *Tipton v. Holt* did not involve the imposition of a statutory penalty as provided for in § 443.130. It related to a mortgagor's rights of redemption under § 443.400.

Under the holdings of *Tipton* and *Belote* had the note in the instant case contained a provision providing for a liquidated amount for attorney fees or otherwise defined the fee as a percentage of principal and/or interest (thus easily calculable prior to foreclosure), these amounts would constitute costs required to be paid prior to obtaining either a deed of release or a certificate of redemption. It is incongruous that a mortgagee, as here, could be penalized substantial sums of money merely for pursuing his remedies under a note providing for reasonable attorney fees.

Plaintiffs concede that had Defendant sought a judicial determination of what constituted reasonable attorney fees prior to the demand of a deed of release by Plaintiffs that the penalty provisions would be inapplicable. Missouri courts have long-recognized that mortgagors can and may resort to litigation when there is a dispute as to the amount necessary to redeem property after default or maturity but prior to foreclosure. *See Farrell v. Seelig,* 27 S.W.2d 489, 491 (Mo. App.1930). " 'A sale under the power [of sale provision of a deed of trust] may be enjoined where it appears that the amount of the debt is unliquidated, uncertain, in dispute, or only capable of ascertainment on a detailed and complicated accounting....' " *Big Valley, Inc. v. First Nat'l Bank,* 578 S.W.2d 616, 618 (Mo.App.1979). Furthermore, a trustee under a deed of trust can call for an accounting. *See McClung v. Missouri Trust Co.,* 137 Mo. 106, 38 S.W. 578, 581 (1897). In statutory judicial foreclosures, the amount of attorney fees owed to the mortgagee by the mortgagor can be raised and litigated by the mortgagee. Also, "a mortgagee may maintain a personal action on the mortgage debt against the debtor and after judgment may maintain another action to foreclose his mortgage." *Belote,* 673 S.W.2d at 30. Ultimately, in the instant case the Defendant sought a declaratory judgment to determine his rights under the note and deed of trust. Therefore, it follows that a mortgagee should not be subject to a harsh penalty when he makes a good faith demand for his reasonable attorney fees or seeks the intercession of a court in the determination of these fees, particularly when judicial remedies are available to other parties in interpreting the provisions of a deed of trust.

Defendant's Point One is well taken. We find that the hearing court erred when it held that the reasonable attorney fees provided by the note in question was not secured by the deed of trust. Defendant's Point Three is also sustained. The hearing court erred when it awarded Plaintiffs a penalty under § 443.130 for Defendant's ostensible failure to give Plaintiffs a deed of release as to the note and deed of trust herein.

■ We now turn to Defendant's second point of error, that the hearing court erred when it set the note's reasonable attorney fees at only $320.00. We rule this point against the Defendant. We determine that the trial court did not abuse its discretion in setting defendant's reasonable attorney fees at $320.00. "The trial judge is an expert on the reasonable value of legal services." *Grisham,* 625 S.W.2d at 217. The trial judge presided over the hearing and was in a better position than we to determine the value of legal services. The trial court presumptively disbelieved the time records submitted by defendant's attorney. The trial court was free to disbelieve the testimony of defendant's attorney regarding the amount of time he spent on this matter as well as his opinion as to the value of his services. *See Twin Bridges Elec., Inc. v. Collins,* 823 S.W.2d 14, 16 (Mo.App.1991).

The judgment of the trial court providing for an assessment of a penalty under § 443.130 is reversed. In all other respects the judgment of the trial court is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concurs.