Bessie McDonald, Appellee, v. A. B. Culhane, Appellant, John F. Walsh, Individually and as Executor of Estate of Patrick H. Walsh, Deceased et al., Appellees.

Gen. No. 9,356.

October term, 1938. Heard in this court at the October term, 1938. Opinion filed January 8, 1940.

C. H. Linscott, of Rockford, for appellant; Leonard Lundin, of counsel.

C. A. Pedderson, of Rockford, for appellee.

Mr. Presiding Justice Dove delivered the opinion of the court.

From that portion of a decree of partition which ordered that the undivided one-sixth interest of John F. Walsh in the premises sought to be partitioned was subject first to a lien in favor of Helen Krumnga by virtue of a judgment rendered in her favor and against John F. Walsh by the circuit court of Winnebago county on September 5, 1935 and second to a lien in favor of A. B. Culhane, receiver of the Rockford National Bank by virtue of certain judgments which he obtained against the said John F. Walsh on Decem-

ber 7,.1934 and January 28, 1936, the said receiver has appealed.

From the stipulation of the parties, it appears that on December 7, 1934, A. B. Culhane, as receiver of the Rockford National Bank, Rockford, Illinois, held a note executed by John F. Walsh for $10,000 and on that day recovered a judgment by confession in the circuit court of Winnebago county, Illinois for the sum of $13,351.18 and costs of suit, upon which judgment execution was issued on December 13, 1934, which was duly returned unsatisfied. It was further stipulated that on August 16, 1935 the receiver held as collateral security for the payment of said $10,000 note, upon which judgment had been taken on December 7, 1934, certain other notes also executed by Walsh, the payment of which was secured by a mortgage upon certain real estate not involved in this proceeding. That default in the payment thereof had been made and the receiver foreclosed said mortgage in the circuit court of Winnebago county, Illinois. In that proceeding there was included in the amount which the court found to be due the plaintiff the said sum of $13,351.18, being the amount of the judgment rendered in favor of the plaintiff and against Walsh on December 7, 1934. The usual decree of foreclosure and sale was rendered and thereafter a sale was held and the property sold for $10,721.49 less than the debt, interest and costs. On January 28, 1936 a deficiency judgment was rendered in said foreclosure proceeding in favor of the said A. B. Culhane, receiver, and against John F. Walsh for $10,721.49, being the amount of the deficiency. On February 5, 1936 an execution was issued upon this deficiency judgment and subsequently returned unsatisfied.

It was further stipulated that from time to time after the rendition of said deficiency judgment there has been applied toward its satisfaction various sums of money so that there remained due from said Walsh to said receiver at the date of the partition decree the

sum of $3,801.09 and interest from January 28, 1936. It was further stipulated that on September 16, 1935 Helen Krumnga, appellee herein, recovered a judgment against Walsh in the circuit court of Winnebago county for the sum of $566.05 and costs, upon which an execution issued on September 20, 1935, which was subsequently returned unsatisfied.

Upon these facts the trial court held that the first judgment obtained by the receiver against Walsh on December 7, 1934 merged in the deficiency judgment obtained by him in the foreclosure proceeding on January 28, 1936 and that therefore the said judgment of appellee rendered against Walsh on September 5, 1935 was a prior, paramount and superior lien to the said judgment of appellant, and that appellee's judgment out of the proceeds to be realized from the sale of the interest of said Walsh in the real estate described in the decree for partition shall be satisfied prior to any payment being made to appellant upon the balance due him upon his deficiency judgment of January 28, 1936.

The author of the article on judgments in 15 R. C. L. 791, states that at common law a judgment upon a judgment, being of the same dignity, does not fall within the general rule that a cause of action is merged in the judgment and therefore the first judgment is not merged in the second and that the weight of modern authority favors the view that if a judgment creditor brings an action on his judgment and obtains a new judgment, the first judgment is not merged in the second. What might be called the minority rule, however, is to the effect, says this author, that the obtaining of a second judgment on a previous one operates as a merger and the extinguishment of the first judgment and its lien irrespective of whether the second judgment is for a less or greater sum. The only Illinois case cited is *Dow v. Blake,* 148 Ill. 76, 35 N. E. 761. It appeared in that case that on May 6, 1882 the circuit court of Milwaukee county, Wisconsin rendered a de-

cree of divorce dissolving the marriage theretofore existing between the plaintiff Christine Blake and the defendant Barnum Blake and ordering him to pay the plaintiff $2,000 upon her releasing her dower in his real estate. In 1886, the plaintiff filed in the same court her petition alleging that the former provision of $2,000 made for her was inadequate and made under a mistaken estimate of the financial ability of the defendant. Upon a hearing an order was entered on December 24, 1888, to the effect that plaintiff recover the sum of $31,000 from the defendant and that the former order and judgment of May 6, 1882, except as modified and superseded by the order of December 24, 1888 remain in full force and effect. Our court held that the judgment of December 24, 1888 was something more than a modification of or supplement to the decree of 1882, that when it was rendered nothing remained of the decree of 1882 except the provisions annulling the marriage and giving the defendant the custody of the children. "All the rest of that decree," said the court, "was merged in the judgment of 1888 which was for a definite and specific sum."

The author of the article on judgments in 34 C. J. 697 says: "When a judgment is used as a cause of action for the recovery of another judgment the question whether the first judgment is merged in the subsequent judgment is one on which there is much conflict of opinion. One group of authorities holds that merger is effected, except in certain cases, while another group hold that there is no merger of the first judgment, and that it is not extinguished without satisfaction of the second, especially where the judgments are recovered in different states, and they apply the same rule where the second judgment is auxiliary or collateral to the first. But whichever may be the correct rule, as applied by courts of law, judgments will not be treated as merged by a court of equity if a merger would operate inequitably."

In this State appellant had a right to sue on the principal note which he held and likewise he had a right to foreclose his mortgage. *Karnes v. Lloyd,* 52 Ill. 113. He could take these steps at different times or pursue both remedies at the same time. He obtained judgment against Walsh on December 7, 1934. Thereafter he foreclosed his mortgage which he then held as security for the payment of this judgment. This foreclosure proceeding was consummated by an effective sale and the net proceeds thereof applied to discharge the indebtedness due appellant represented by this judgment. After that was done there remained due appellant $10,721.49 for which amount he procured the court to render a new, personal and unconditional judgment against Walsh and it is this new judgment upon which execution was issued and upon which payments have been made so that at the time of the hearing in this case there remained due appellant thereunder the sum of $3,801.09. By these steps appellant's first judgment became merged in the deficiency judgment rendered on January 28, 1936. Appellant did not apply the proceeds derived from the sale of the mortgaged premises upon his judgment of December 7, 1934 but upon the amount found due him by the foreclosure decree and obtained a new judgment for the balance upon which he had execution issued and upon which he credited any subsequent payments.

In *Gould v. Hayden,* 63 Ind. 443, it was held that where a judgment was recovered in the common pleas court in Ohio upon a judgment previously rendered in Indiana, that the Indiana judgment became merged in the judgment rendered by the Ohio court and that all the liens and priorities of the Indiana judgment were thereby released and extinguished. In the course of its opinion, the court said: ''Each successive personal judgment is a new 'debt of record,' in which the precedent debt, though theretofore evidenced by a judgment, is as completely merged and absorbed as it would have

been if it had been evidenced by note, bill, bond, or any other evidence of debt. If the precedent judgment is merged, as we think it must be, in the succeeding judgment, then it follows of necessity, as it seems to us, that the former judgment is completely extinguished. It has ceased to exist for any purpose; it can not be used again as the foundation of another action, and all its qualities and incidents are lost and swallowed up in the judgment obtained thereon." The court quoted from Freeman on Judgments wherein that author states that the weight of authority is that whatever may be a cause of action will, if recovered upon, merge into the judgment or decree and that a judgment is extinguished when, being used as a cause of action, it grows into another judgment and when a judgment is so extinguished its effect as a lien is also destroyed. "We are aware" continues the court, "that there are respectable authorities, which are in conflict with our conclusion in this case; but it has seemed to us, after a careful consideration of the main question involved, that our decision thereof is in harmony with and supported by the weight of modern authority, that it is just and right in principle, and that, as a rule of law, it will best subserve and protect the rights of all parties."

In *Bateman v. Grand Rapids & Indiana R. Co.,* 96 Mich. 441, it was held that where a mortgagee recovers a judgment upon a note secured by a chattel mortgage before a justice of the peace and had previously replevined the mortgaged property, the judgment in the replevin suit in the circuit court in favor of the mortgagor on the ground that there was nothing due upon the mortgage debt in excess of the sum tendered, is a bar to any further proceedings to collect the judgment rendered by the justice of the peace. In *Price v. First Nat. Bank,* 62 Kan. 735, 64 Pac. 637, it was held that a second judgment upon the same debt, although for a less amount than that recovered in the first, is a waiver

of the remainder and an entire extinguishment of the first judgment. The court quotes from *Purdy v. Doyle,* 1 Paige 557, that "where a creditor has obtained a lien upon real estate, by a judgment at law, if he subsequently brings an action of debt on his judgment and recovers a new judgment, he will lose his first lien." In the instant case appellant did not bring an action of debt on his judgment but his judgment then evidenced the debt secured by his mortgage and when he procured his deficiency decree in the foreclosure proceedings, the result was that the former judgment became merged in the subsequent one and he thereby lost his lien under the first judgment. In *Denegre v. Haun,* 13 Iowa 240, it was held that where two judgments obtained in 1847 and 1848 remained unsatisfied and formed the basis of another action in 1854, that the judgment rendered in 1854 for an amount equal to both judgments and costs, that the former judgments were merged in the latter and that the lien created by the former judgments ceased to exist and became merged in the new judgment.

The Supreme Court of North Carolina arrived at a contrary view in *Springs v. Pharr,* 131 N. C. 191 and held that a creditor who obtained a judgment on December 19, 1888, which became a lien on the homestead of the debtor did not lose his lien by obtaining a new judgment in 1895 upon the 1888 judgment and that the first judgment was not merged in the second.

The question presented for determination by this record is not free from difficulty and we recognize that the authorities are conflicting but by the course appellant pursued after he secured his judgment in 1934 it seems to us that he is now estopped from insisting that the judgment he then obtained was not merged in the subsequent deficiency judgment of 1936 and the chancellor did not err in so decreeing.

*Decree affirmed.*