Harlem Savings Association, Plaintiff and Counterdefendant-Appellee, v. Bruno Lesniak, Irene Lesniak, His Wife, Unknown Owners, Registrar of Torrens Title and Golden Manor Homes, Inc., Defendants,

and

Bruno Lesniak and Irene Lesniak, Defendants, Counterplaintiffs and Third-Party Plaintiffs-Appellants, v. Harlem Savings Association, Counterdefendant-Appellee, and Golden Manor Homes, Inc., Third-Party Defendant-Appellee.

Gen. No. 52,863.

First District.
February 20, 1970.
Rehearing denied March 25, 1970.

Arthur George, of Chicago, for appellants.

Haft, Shapiro and Haft, of Chicago (Morris A. Haft, of counsel), for appellee.

MR. JUSTICE SMITH delivered the opinion of this court.

The defendants, the Lesniaks (husband and wife), appeal from a decree of the circuit court ordering fore-

closure of the property in which they reside. The decree is in error, they say, for three reasons: (1) The agreement wherein they assumed and agreed to pay an existing mortgage was fraudulently obtained; (2) the decree does not provide for a homestead exemption to these defendants as against the mortgage; and (3) that they should have been allowed attorney fees in a separate suit on the mortgage note to be summarily taxed by the trial court in accordance with Ill Rev Stats 1967, c 110, § 41. The errors assigned are without substance.

Golden Manor Homes, Inc. contracted with the defendants to construct, build and convey by warranty deed a residence in an addition to the City of Des Plaines for a total consideration of $22,900. The buyers were to pay $3,000 at the time of the contract and $2,000 at the closing of the transaction and tender of possession. Under the contract the balance of the purchase price was to be paid by the assumption of a construction mortgage loan placed or to be placed on the property by either the LaSalle National Bank as trustee or by the seller and such mortgage was to be not less than $17,900. The contract also stated that the seller had arranged for a twenty-nine year mortgage loan with interest at 5½% with Bell Savings & Loan Association if the buyers qualified with the lender's requirements. However, Bell was not willing to go the full $17,900 but indicated that it would withhold $800 and that it would not be paid over until the mortgage indebtedness on the property was reduced to $16,000. Golden Manor Homes then made arrangements with Harlem Savings Association, obtained the loan for $17,900, executed and recorded the mortgage and had the Lesniaks sign an assumption agreement in which they assumed and agreed to pay the Harlem Savings Association. There is testimony in the record that this was all explained to the

Lesniaks. Both signed the assumption of mortgage agreement. There is in the file an application signed by Bruno Lesniak to the Harlem Savings Association for a mortgage.

■ The record establishes that the Lesniaks contracted to purchase this property from Golden Manor Homes, Inc., and occupied the property as a homestead. Much time is devoted in the briefs to whether or not they ever waived their homestead exemption rights. We do not reach that question because under the clear provisions of the statute, Ill Rev Stats 1967, c 52, § 3, it is provided:

> "But no property shall . . . be exempt from sale for nonpayment of taxes or assessments, or for a debt or liability incurred for the purchase or improvement thereof."

It seems to be the defendants' position that this is not a purchase money mortgage, but was merely a debt created to Harlem Savings Association by Golden Manor Homes, Inc., and the assumption agreement of these defendants amounts only to the creation of a debt and accordingly homestead has never been waived or released specifically by these parties through any instrument in writing. In our judgment, it defies the facts and reality to assert that this was not a debt created for the purchase or improvement of this property. The contract with Golden Manor Homes specifically provided that Golden would obtain a loan for the Lesniaks and that either the seller or the LaSalle National Bank as trustee under a certain trust agreement would execute and deliver a deed to the Lesniaks "subject only . . . (c) to said construction mortgage loan." In their contract with Golden Manor Homes, Inc., the contract further recited that arrangements had been made for a loan from Bell and that the seller "has arranged with

said lender that buyers may, if they qualify under said lender's requirement, assume said loan." The contract further provided that the "buyers will execute in form required by lender and deliver to seller or to lender, a transfer application to assume said mortgage indebtedness and . . . execute a transfer and assumption agreement with lender in form required by such lender, assuming and agreeing to pay such mortgage loan." There isn't the remotest doubt but that this entire arrangement was a purchase money mortgage, that the money was paid to the builder for the use and the benefit of the defendants, that the original contract, the assumption agreement, as well as the loan application, were all a part of the same transaction and this was in law and in fact a purchase money mortgage. See Magee v. Magee, 51 Ill 500 (1869). Under the clear provisions of the statute, the Homestead Exemption Law has no application. Stafford v. Woods, 144 Ill 203, 33 NE 539.

The charge of fraud by the defendants either in the inducement or in the execution of these documents with Harlem factually supports no actual misrepresentation, substitution of papers, failure to disclose material facts or any other type of fraud, legal, equitable or otherwise. It is significant also that in a conference in November 1963, and again in May 1964, no assertion was made by either the Lesniaks or their attorney (who attended such meetings), that any fraud existed. It is only after leave was granted to file a second amended answer that the element of fraud was injected into this lawsuit. In addition, it is clear that such fraud as is claimed is directed to representatives of Manor and not of the plaintiff. It is equally clear that defendants were unhappy with Manor for asserted construction deficiencies with which plaintiff had no connection. From this record the difficulties with Manor are separate and

distinct from the liability on or the obligation to conform to the assumption agreement with plaintiff.

 The defendants moved to transfer this cause to the Chancery Division. The motion was allowed. The suit on the note was dismissed. The plaintiff had the perfect right to do just this. In McDonald v. Culhane, 303 Ill App 101, 105, 24 NE2d 737, 738, the court stated:

> "In this State appellant had a right to sue on the principal note which he held and likewise he had a right to foreclose his mortgage. Karnes v. Lloyd, 52 Ill 113. He could take these steps at different times or pursue both remedies at the same time."

There is nothing here to indicate that the suit on the note was instituted to harass or was either frivolous or unwarranted. Ill Rev Stats 1967, c 110, § 41, upon which the defendants rely, requires that the action against which sanctions are imposed must be without reasonable cause, not in good faith, and that such expenses to be recovered should be "summarily taxed by the court at the trial." While the statute does not establish the specific time limit within which application for relief must be made, Illinois courts require that the motion to recover expenses be filed within 30 days after the judgment. Eugene Matanky & Associates, Inc. v. Onixt, 74 Ill App2d 53, 219 NE2d 865; Brooks v. Goins, 81 Ill App2d 12, 225 NE2d 707. We note from the record that no motion was made by the defendant to tax costs and expenses within 30 days of the dismissal. It was not only not filed in time, but was first raised on objections to the Master's report in this lawsuit. This is a separate and distinct lawsuit and the plain language of the statute is that the motion and a consideration thereof must take place summarily at its trial. Its disallowance in this proceeding simply cannot be error.

Accordingly, the decree of the trial court should be and the same is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.