Howard M. BERG and Sandra Berg,
Defendants, Appellants,

v.

LIBERTY FEDERAL SAVINGS AND
LOAN ASSOCIATION,
Plaintiff, Appellee.

Supreme Court of Delaware.

Submitted Feb. 13, 1981.
Decided March 13, 1981.

William J. Cattie, III (argued) of Berg, Heckler & Cattie, P. A., Wilmington, for defendants-appellants.

Jeffrey M. Weiner (argued) of Bayard, Brill & Handelman, P. A., Wilmington, for plaintiff-appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

HORSEY, Justice.

This appeal concerns whether a mortgage lender's otherwise available remedies on borrower's default are compromised by lender's dealings with a third party grantee under a debt arrangement with borrower.

In 1970, Howard M. Berg and Sandra Berg (borrowers) executed, for valuable consideration, a bond and mortgage of real estate in favor of Liberty Federal Savings and Loan Association (lender). In 1973, borrowers sold the real estate to a third party (grantee) who assumed liability for the mortgage indebtedness. Lender was not a party to the transaction and did not execute any contract of novation or instrument releasing borrowers from liability under their bond and mortgage. However, lender thereafter accepted timely monthly payments on the mortgage from grantee; and all further correspondence from lender concerning the mortgage was with grantee until payments ceased in late 1977.

In early 1978 lender, after notifying borrowers that the mortgage was four months in arrears and hence in default, instituted suit against borrowers on their bond. Borrowers resisted, contending that lender, by its conduct, had "accepted" or "recognized" grantee's assumption of the mortgage and thereby legally relinquished its right otherwise to pursue concurrent remedies: that is to sue either on the bond or mortgage.[1]

Lender then moved for partial summary judgment on borrowers' defense.

Accepting for purposes of the motion borrowers' factual pleading of "recognition," Superior Court granted lender partial summary judgment. The Court found no legal support for the proposition that lender, by accepting mortgage payments from grantee, "was required to look to the land and foreclose on the mortgage prior to bringing an action on the bond."

Later, Superior Court, after further discovery and hearing, summarily granted lender a money judgment against borrowers or their bond—notwithstanding borrowers' affidavit of defense. Borrowers then docketed this appeal from both orders.

I

The first issue in this appeal concerns a mortgage lender's available remedies against a mortgagor upon default of a nonconsensual assuming grantee,[2] absent a novation or release of the mortgagor. Appellants-mortgagors contend that lender, by accepting timely mortgage payments from grantee and by otherwise dealing with grantee rather than with mortgagor until default, was required to foreclose the mortgage before proceeding against mortgagors on their underlying bond. Mortgagors contend that Superior Court erred in applying irrelevant novation and release criteria in granting lender-plaintiff partial summary judgment dismissing mortgagors' "recognition" defense as insufficient as a matter of law.

A.

■ As between a mortgage lender and a borrower-mortgagor who, by bond or note is personally bound, the law is clear and undisputed as to the creditor's rights: that on debtor's default, lender may, at its

---

1. Borrowers also raised an alternative defense of "release"—that lender, by its conduct, had released borrowers from liability on their bond. However, borrowers did not pursue this defense either by motion to dismiss or cross-motion for summary judgment.

2. I. e., a grantee who assumed the mortgage on purchase of the real estate securing the loan from mortgagor without the knowledge and consent of mortgagee.

option, either sue on the bond or foreclose on the mortgage. 59 *C.J.S.* Mortgages § 342, p. 473. No implication arises from the mere taking of collateral security that a creditor will look only or primarily to the security for repayment of the loan. 55 *Am.Jur.2d*, Mortgages, § 536, p. 517. A creditor-mortgagee may pursue all available remedies concurrently or successively, to the extent that separate and distinct remedies are recognized at law or in the controlling instrument. 59 *C.J.S.* Mortgages § 485, p. 767 and 3 *Jones on Mortgages* (8th Ed.), § 1565. Such has been the law of Delaware for over a century and a half. *Newbold v. Newbold*, Del.Ch., 1 Ch. 310 (1825), stating that it was "clearly and reasonably settled that a mortgagee may use all the remedies upon a bond and mortgage which the law affords, at the same time, and consequently any one of them which he prefers." 1 Ch. at 315.

■ Absent a release or contract of novation, a mortgagor is not exonerated from personal liability on his bond or note by conveying the mortgaged premises to a third party who assumes the mortgage—regardless of lender's acceptance of grantee's payments on the mortgage, assuming the terms of repayment are not varied. 2 *Jones on Mortgages* (8th Ed.), § 920; 55 *Am. Jur.2d*, Mortgages, § 1045, p. 886, 59 *C.J.S.* Mortgages § 415, p 592; 41 *A.L.R.*, 317 Ann.: Assumption of Mortgage by Grantee as Affecting Right of Mortgagee to Proceed Against the Mortgagor.

■ A novation will not be presumed but must be proved, with the burden of proof thereof resting on the proponent. 58 *Am.Jur.2d*, Novation, § 20, p. 535 and § 32, p. 542. It has been held that a creditor's knowledge of a debt assumption and acceptance of payments on the debt from assumptor is not sufficient to effect a novation or release of the original debtor. Creditor's expressed assent to give up the original debt is required. *North Western Mut. Life Ins. Co. v. Eddleman*, Ky., 247 Ky. 116, 56 S.W.2d 561 (1933); *Davenport v. Dickson*, Kan.Supr., 211 Kan. 306, 507 P.2d 301 (1973) and *Miami Nat. Bank v. Forecast Const. Corp.*, Fla.App., 366 So.2d 1202 (1979).

**B.**

Appellants do not dispute the foregoing rule of law but contend that it does not control the instant case because appellants are not seeking exoneration based on release or novation but merely a reordering of lender's remedial rights. Appellants contend that Delaware case law supports their position regardless of foreign authority.

The Delaware authorities relied on, *McCrery v. Nivin*, Del.Ch., 67 A. 452 (1907) and *Equitable Trust Co. v. Shaw*, Del.Ch., 194 A. 24 (1937), are no more than applications of recognized exceptions to the above-stated general rule. The exceptions based on principles of suretyship arise where the mortgage lender has been found to have violated the terms of the debt instruments or otherwise to have acted in a manner detrimental to mortgagor's interests. Thus, in *McCrery, supra*, the Court of Chancery recognized (though did not apply) the principle that a mortgagee's extension of time of mortgage payments to mortgagor's grantee would discharge the mortgagor. Similarly, in *Equitable Trust Co. v. Shaw, supra*, the Court of Chancery found mortgagee's dealings with grantee to have materially altered the mortgage in a manner prejudicial to mortgagor's interest as surety so as to release mortgagor from liability. *Cf. Gellis v. S. Gellis & Co., Inc.*, Del.Ch., 322 A.2d 287 (1974), *aff'd* Del.Supr., 339 A.2d 64 (1975).

■ Here there is no allegation or evidence that lender varied the terms of the debt instruments after grantee assumed the mortgage and became the primary obligor. Hence, Superior Court's finding of lender's acceptance or "recognition" of grantee's assumption of the mortgage does not remove the case from the controlling rules set out under I A on pages 3, 4 and 5 above.

Lender's acceptance of timely mortgage payments from grantee over a period of four years and related correspondence was insufficient as a matter of law to alter lender's right—under the terms of mortga-

gor's bond and firmly established precedent—to proceed, on default, at its option either on the bond or to foreclose on the mortgage. The terms of appellants' bond expressly conferred this right upon lender.

## II

The second issue on appeal is whether Superior Court committed legal error in entering a money judgment against appellants upon lender's affidavit of demand and notwithstanding borrowers' affidavit of defense. While plaintiff's original Complaint lacked as an exhibit the bond on which the Complaint was based, appellants by Answer and discovery admitted execution and delivery of the bond; and more than 18 months before plaintiff's motion was heard, a copy of the instrument was filed with the Prothonotary. Further, judgment was not taken by default but was only entered after extensive discovery and a prior partial summary judgment proceeding which disposed of all issues raised by appellants' affidavit of defense. Hence, the requirements of 10 *Del.C.* § 3901 ceased to be applicable. Accordingly, no error was committed by the Court in summarily entering judgment against appellants.

AFFIRMED.