**Edward (Mickey) BELOTE and Shirley Belote, Plaintiffs-Appellants,**

v.

**Robert R. McLAUGHLIN and Sharon A. McLaughlin, Defendants-Respondents.**

**No. 65441.**

Supreme Court of Missouri, En Banc.

July 17, 1984.

Robert H. Shaw, Victor B. Peters, Platte City, for plaintiffs-appellants.

Day Miller, Harold L. Miller, Maysville, for defendants-respondents.

HIGGINS, Judge.

Edward and Shirley Belote sought a declaratory judgment and permanent injunction barring Robert and Sharon McLaughlin from foreclosing upon a deed of trust; the deed of trust secured a note made by the Belotes for the purchase of real estate. The trial court granted summary judgment for the McLaughlins, holding that although their failure to counterclaim on the note in the Belotes' prior suit for breach of contract barred subsequent action on the note, the McLaughlins could still pursue the remedy of non-judicial foreclosure as provided in the deed of trust. The Court of Appeals, Western District, affirmed. This Court granted transfer to examine whether payees' failure to counterclaim on a note bars subsequent non-judicial foreclosure on the deed securing the obligation. Affirmed.

The McLaughlins contracted to sell real estate to the Belotes and to construct a home on that land. The Belotes paid all but $5,000 of the $43,550 purchase price, and executed a promissory note for that $5,000 payable to the McLaughlins secured by a second deed of trust on the real estate. The Belotes paid $2,251 on the note, but ceased payment of the balance because of their dissatisfaction with the construction of the home. Ultimately, the Belotes sued the McLaughlins for damages, alleging that the McLaughlins had wrongfully initiated foreclosure proceedings, slandered title to the property and breached express and implied warranties in the construction of the house. The McLaughlins counterclaimed for the unpaid portion of the note plus interest and attorney's fees, but immediately prior to trial dismissed the counterclaim. The jury returned verdicts for the McLaughlins on all counts except the breach of contract action and awarded the Belotes $5,000. The McLaughlins were awarded a new trial; and in a subsequent trial to the court, these damages were reduced to $2,985 plus interest.

The McLaughlins then attempted to foreclose the deed of trust under its power of sale clause for default in payment of the indebtedness secured by the deed; the Belotes filed for an injunction to prevent the foreclosure. The trial court granted summary judgment for the McLaughlins, holding that foreclosure of the deed of trust was not barred by Rule 55.32(a). Rule 55.32(a) requires a party to state as a counterclaim "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...."

Appellants assert that respondents were barred by Rule 55.32(a) from collecting the amount due on the note because any action, judicial or non-judicial, for that amount was required to have been pleaded as a counterclaim in the prior suit for damages; that the counterclaim requirement is similar in effect to the bar on foreclosure imposed by the statute of limitations, section 516.150, RSMo 1978; and that permitting foreclosure would conflict with Missouri's lien theory of mortgages and deeds of trust in that a deed of trust would effectively convey title to real estate and would have "independent vitality" from the note which it secures. Respondents concede that Rule 55.32(a) precludes subsequent action on the note, but counter that the rule does not bar a separate non-judicial action to recover the debt evidenced by the note and secured by the deed of trust.

Appellants maintain that the prior suit for damages "discharged" the debt evidenced by the note, and that, because respondents dismissed their counterclaim on the note in that suit, they cannot bring any action to recover the unpaid balance of the note. They rely on *Tipton v. Holt*, 610 S.W.2d 659 (Mo.App.1981), in which the court of appeals held that "[w]hatever discharges the debt, discharges the collateral[,]" and that performance on the note discharges collateral liens and defeats a power of sale in the deed of trust. *Id.* at 662.

In *Tipton v. Holt, supra*, the makers had paid the full amount due on a note secured by a deed of trust. The purchasers contended that such performance was insufficient to nullify a foreclosure deed granted them because the makers failed to tender an additional amount to cover attorney's fees incurred in the foreclosure action. The court in *Tipton* held that the "payment" sufficient to extinguish or discharge a debt and redeem property before sale relates to obligations then ascertainable, prior to foreclosure, and due from mortgagor to mortgagee. The mortgagee could not defeat a statutory right to redeem property by imposing additional conditions that relate to costs which might be incurred after payment of the debt had been made. *Tipton, supra*, at 663.

Thus, *Tipton v. Holt, supra*, is distinguishable from the present case. In *Tipton* the only issue was whether payment of the full amount due on the note plus specified costs constituted payment sufficient to

discharge the debt. In holding that the debt had been paid in full, the court held that the collateral security had been discharged. *See also Goetz v. Selsor*, 628 S.W.2d 404, 406 (Mo.App.1982). In this case, however, there is no question that the amount of the debt has not been paid in full; further, there is no showing that the amount of damages won by the makers in the prior litigation represents an adjudication on the question of liability on that debt. For purposes of this case, however, it is sufficient to assume that an action by the payees on the note would now be barred by Rule 55.32(a). Insofar as the debt has not been paid in full, it remains to determine whether the remedy of foreclosure is available to secure the balance.

There is little authority on this issue in Missouri. The general rule is that although there can be but one satisfaction of the amount of a debt, a principal debt or obligation secured collaterally by another obligation gives rise to a separate cause of action on each obligation; different actions may be brought, and judgment on either one does not bar action on the other so long as any part of the principal debt remains unpaid. 1 C.J.S. *Actions*, § 103(c)(6) (1936). Thus, a mortgagee may maintain a personal action on the mortgage debt against the debtor and after judgment may maintain another action to foreclose his mortgage. *Id.;* 59 C.J.S. *Mortgages* § 485(a) (1949).

Courts in other jurisdictions recognize the continued vitality of the power of sale reserved in a deed of trust when the obligation it secures is unsatisfied. In *Harlem Savings Association v. Lesniak*, 121 Ill. App.2d 137, 257 N.E.2d 230 (1970), the mortgagee bank sought to foreclose on a mortgage assumed by the appellants. Prior to trial the mortgagee dismissed a suit on the note and chose to proceed under the power of sale clause. The court held that the mortgagee had a "perfect right" to do so; had a " 'right to sue on the principal note which he held and likewise he had a right to foreclose his mortgage.... He could take these steps at different times or pursue both remedies at the same time.' " *Id.* 257 N.E.2d at 232, quoting *McDonald v. Culhane*, 303 Ill.App. 101, 105, 24 N.E.2d 737, 738 (1940). Similarly, the Supreme Court of Delaware noted that, as between a mortgagee and mortgagor who is bound by note or bond, the mortgagee may at his option sue either on the note or foreclose on the mortgage. He may pursue all of his remedies at the same time or consequently. *Berg v. Liberty Federal Savings and Loan Association*, 428 A.2d 347, 349 (Del. 1981). In *Federal Deposit Insurance Corp. v. Dye*, 642 F.2d 837 (5th Cir.1981), the Fifth Circuit recognized that under Georgia law a creditor can foreclose on property even after suing on a note because the right to foreclose is barred only by actual satisfaction of the underlying debt. *Id.* at 843. And, in *Kaspar v. Keller*, 466 S.W.2d 326 (Tex.Civ.App.1971), where a mortgagee failed to file a counterclaim on a note in a suit brought by the mortgagor to rescind a contract for sale of real estate, the court expressly held that the failure to assert the counterclaim did not bar a subsequent foreclosure as provided in the deed of trust:

[T]he mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclosure under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extrajudicial foreclosure which he had the right to elect, nullifying his election, and permitting the mortgagor to control the option as to remedies.

*Id.* at 329.

These authorities persuade that the remedy of non-judicial foreclosure remains open to the respondents in this case until the debt evidenced by the note and secured by the deed is shown to be satisfied. Power of sale is a matter of contract between the parties, *Graham v. Oliver*, 659 S.W.2d 601, 603 (Mo.App.1983); the availability of the remedy does not in any way affect Missouri's lien theory of mortgages. The deed of trust creates a lien on

the land to secure payment of the debt, *R.L. Sweet Lumber Company v. E.L. Lane, Inc.*, 513 S.W.2d 365 (Mo. banc 1974); and foreclosure is but a means of enforcing the lien upon failure to satisfy the debt. It does not affect title until the collateral security has been sold. G. Osborne, G. Nelson & D. Whitman, Real Estate Finance Law, § 4.2 (1979).

Appellants' analogy to the bar against foreclosure provided by the statute of limitations, section 516.150, RSMo 1978, is unpersuasive. There is no similar statutory authority expressly foreclosing power of sale when the mortgagee has elected not to proceed on the note in a counterclaim or otherwise. The policies supporting the statute of limitations and the compulsory counterclaim rule are different and do not in all cases support each other. Under these facts, neither is effective to preclude the remedy available to the mortgagee.

The judgment of the trial court denying declaratory and injunctive relief is affirmed.

WELLIVER, GUNN, BILLINGS and DONNELLY, JJ., concur.

RENDLEN, C.J., concurs in result.

BLACKMAR, J., concurs in result in separate opinion filed.

BLACKMAR, Judge, concurring in result.

In concur in the result because I am persuaded that the plaintiffs, makers of the note in issue, acquiesced in a trial before the court on an issue of damages based on the difference between the contract price of $43,550 and the value of the house as actually delivered, resulting in a judgment in their favor in the amount of $2,985 plus interest. This form of submission takes credit for payment of the note in full, even though it had not been fully paid. Under these circumstances the makers should not be entitled to bar foreclosure for the balance due. It is not necessary to decide whether an action on the note itself would be barred.

The plaintiff-makers initially filed suit in several counts claiming relief which, if granted, would wipe out all indebtedness of the defendant-holder to them and would leave a substantial balance in their favor. They were only partially successful, obtaining a jury verdict for $5,000 which was set aside because of improper instruction on damages, after which they voluntarily assented to a trial by the court of a narrow damage issue. They did not persist in asserting any claim which would have resulted in a determination of the actual amount owing on the note.

I am concerned lest the principal opinion be interpreted as saying that the holder of a note who is an original obligee may simply ignore litigation designed to resolve a dispute about the true balance. This note was given in exchange for an executory contract calling for the transfer of title to real estate and construction of a house on the property. The makers would have a defense of partial failure of consideration if the construction contract were not properly performed. The compulsory counterclaim rule, Rule 55.32(a), was designed to wrap up all issues arising out of the same factual nexus in a single litigation. The makers, plaintiffs, could probably have accomplished this by including in their petition a prayer for declaratory judgment fixing the balance due on the note. Had the parties framed appropriate issues, the aforesaid judgment for the plaintiffs in the amount of $2,985 plus interest could have been set off against the balance owing on the note, represented to be $2,749 plus interest (probably in a greater amount than on the makers' claim). A net figure could then be determined, the balance paid, and this whole proceeding, which has troubled three courts and could involve at most a few hundred dollars, avoided. I would make it clear that persons in the position of these makers could force the holder or holders of the note to litigate the issue of the outstanding balance, and that they could use Rule 55.32(a) for this purpose. We have generally construed that rule strictly and in favor of requiring the compulsory counter-

claim. *State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub,* 668 S.W.2d 72 (Mo. banc 1984), and cases there cited.

It has been suggested that the application of the compulsory counterclaim rule would interfere with our established procedure of sale foreclosure. The holder of a note secured by deed of trust would be entitled to foreclose through publication and sale any time prior to final judgment determining the amount due, unless enjoined. If there were disagreement as to the amount owing the makers of the note or their successors could obtain temporary injunctive relief while litigating the issue, but would be required to tender the amount they admit to be due and post a bond to insure payment of the balance finally determined. *See* Rule 92.02(c). The mere filing of a suit would not automatically stay foreclosure.

Both sides were at fault in protracting these proceedings and it would be inequitable to deny the noteholders the opportunity to foreclose on a note on which the makers have already claimed credit for payment. But they could have protected their interest in the initial suit. I would hope that future litigants would avoid the problems this case has demonstrated.