George C. SZEGO, et al., Appellants,

v.

KINGSLEY ANYANWUTAKU,
et al., Appellees.

No. 93–CV–138.

District of Columbia Court of Appeals.

Submitted Sept. 14, 1994.

Decided Dec. 29, 1994.

John C. Decker, II, Falls Church, VA, was on the brief, for appellants.

Richard C. Deering, Washington, DC, was on the brief, for appellees.

Before STEADMAN and SCHWELB, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

This appeal arises from an order permanently enjoining appellants from foreclosing on a deed of trust. It presents the issue whether a party who, pursuant to a deed of trust and deed of trust note, first obtains a money judgment against the makers of the note, rather than foreclosing on the security or seeking both money judgment and foreclosure in the initial action, thereby precludes itself from subsequently pursuing the security by way of foreclosure. We hold that where a deed of trust conveying real estate is involved, obtaining a money judgment against the makers pursuant to the deed of trust and note does not bar a subsequent foreclosure pursuant to the deed of trust.

On October 31, 1991, appellants George C. Szego, et al.,[1] obtained a judgment on a promissory note against appellees.[2] The promissory note is secured by a deed of trust on the properties located at 411 Florida Avenue, N.W., and 635 Columbia Road, N.W. Appellee Kingsley Anyanwutaku is the sole

---

1. Appellants are George C. Szego and Evaline B. Neff who lent appellees money to purchase certain real estate, and M. Darlene Brown, Trustee on the related deed of trust.

2. Appellees are the makers of the note, Kingsley Anyanwutaku, 411 Florida Avenue, N.W., Inc., and Kingsley, Inc.

owner of the property at 635 Columbia Road and is a one-third owner of the corporate appellee, 411 Florida Ave., N.W., Inc., which in turn is the sole owner of the property at 411 Florida Avenue. The deed of trust states that the Florida Avenue property must be foreclosed upon prior to any foreclosure of the Columbia Road property.

Foreclosure sales for both properties were formally noticed and scheduled to occur on February 21, 1992. On that day appellees moved for a temporary restraining order to block the sale of the 635 Columbia Road property, basing their motion on the filing for bankruptcy of 411 Florida Avenue, N.W., Inc., the sole owner of the 411 Florida Avenue property. A judge of the Superior Court granted the temporary restraining order.

Shortly thereafter another judge granted a preliminary injunction barring the foreclosure of the Columbia Avenue property based on the doctrines of res judicata, collateral estoppel, and election of remedies which she found applicable due to appellants' having obtained the earlier judgment. On December 30, 1992, that judge granted appellees summary judgment and permanently prohibited the foreclosure of the Columbia Road property. Adopting the arguments of appellees, the judge concluded that a party can have only one recovery of a debt and that because the appellants, in a previous action, had sought and received a judgment for money damages, they were precluded from seeking foreclosure.

■■■ We must decide whether a party who obtains a money judgment against the makers of a note has made an election of remedies and is precluded for that reason or under principles of res judicata or collateral estoppel from pursuing the security by way of foreclosure. "[T]he general rule, in the absence of a statute to the contrary, is that a creditor whose debt is secured by mortgage may pursue his remedy in personam for the debt, or his remedy in rem to subject the mortgaged property to its payment." 55 Am.

Jur.2d *Mortgages* § 541 (1971) (footnotes omitted).[3] It is also the general rule

> that until the mortgage debt is actually satisfied, the recovery of a judgment on the obligation secured by a mortgage, without the foreclosure of the mortgage, although merging the debt in the judgment, has no effect upon the mortgage or its lien, does not merge it, and does not preclude its foreclosure in a subsequent suit instituted for that purpose, or the exercise of the power of sale contained in the mortgage or deed of trust. . . .

*Id.* at § 543.

There is pertinent authority in this jurisdiction. In *McFadden Securities Co. v. Stoneleigh Garage, Inc.*, 60 App.D.C. 400, 55 F.2d 1025 (1932), the court considered a loan for the purchase of four cars guaranteed by several individuals. Payment of the note was never completed and the holder of the note sought to enforce a lien on the automobiles. The lower court had concluded that the filing of an affidavit in a previous equity suit which set out the claim and included a copy of the contract reserving title and a statement of the amount due "was an election by Securities Company to look solely to the fund in the receivers' hands for the payment of the debt, and was a waiver of its right to reclaim the automobiles or to a lien against the proceeds of their sale or its claim against the guarantors." *Id.* at 402, 55 F.2d at 1027. The appellate court found this conclusion erroneous. Stating that the instrument was essentially in the nature of a mortgage, the court held that

> Securities Company was therefore in a position where it could, and we think should, assert its rights to the automobiles in that proceeding without in any way releasing the obligation of maker or guarantor of the debt, or, conversely, it might assert its claim against its primary debtor without waiving its rights against the guarantors of the debt or surrendering its lien on the cars. This is true because the holder of

**3.** The treatise goes on to state:

> In short, the case of a mortgage or deed of trust is an exception to the general doctrine that a party shall not be allowed to sue at law and in equity for the same debt, and a mort-

> gagee or holder of a deed of trust may ordinarily pursue all his remedies at once or concurrently, although he is under no obligation to do so, or he may pursue them successively. 55 Am.Jur.2d at § 541.

the contract had both a lien against the cars and a claim against the maker of the contract as well as against the guarantors. The assertion of this right against the one cannot be regarded as inconsistent with the subsequent assertion of the right against the other. In such a case the holder would have a right to pursue all his remedies until his debt is paid in full—this because the rights are independent and not conflicting and the assertion of the one does not exhaust the other.

*Id.* at 402, 55 F.2d at 1027.

*McFadden* establishes that the District of Columbia follows the common law rule that a party who sues on a note is not precluded under the doctrine of election of remedies or res judicata from pursuing the security by way of foreclosure. The two remedies are independent and do not conflict with one another. Thus, bringing both of them does not trigger the application of the election of remedies doctrine.

The conclusion that a party can sue on a note and subsequently foreclose is further supported by the rationale of *Hoffman v. Sheahin,* 73 App.D.C. 374, 121 F.2d 861 (1941). *Hoffman* was a suit for a deficiency on deed of trust notes. It turned upon the application of the three-year statute of limitations where plaintiff had brought suit more than three years after the date of maturity of the deed of trust notes involved, but less than three years after the date of foreclosure upon the notes and application of the proceeds. The court's discussion of the issue is plainly predicated on the premise that plaintiff had the right to seek a judgment against the maker in his personal obligation pursuant to the notes well after foreclosure, so long as he did so within three years of maturity.

Consistent with District of Columbia authority, the courts of other jurisdictions uniformly take the view that, absent a statute to the contrary:

the holder of a note secured by deed of trust has two remedies: 1. A suit on the debt evidenced by the promissory notes and 2. a specific action against the particular property which has been given as secu-

rity for the payment of the debt. Upon failure to discharge the obligation, these remedies may be pursued concurrently or consecutively.

*Foothills Holding Corp. v. Tulsa Rig, Reel & Mfg. Co.,* 155 Colo. 232, 393 P.2d 749, 751 (1964); *see also Moening v. Alaska Mut. Bank,* 751 P.2d 5, 8 (Alaska 1988) (stating that "[u]nder the common law, a prior suit on the note does not preclude subsequent judicial or nonjudicial foreclosure of the security"); *Berg v. Liberty Fed. Sav. & Loan Ass'n,* 428 A.2d 347, 349 (Del.1981) (recognizing that "creditor-mortgagee may pursue all available remedies concurrently or successively"); *Klondike, Inc. v. Blair,* 211 So.2d 41, 43 (Fla.Dist.Ct.App.1968) (concluding that "suit on the note or foreclosure of the mortgage, are not inconsistent remedies, and pursuit of one without satisfaction is not a bar to the other"); *Boyette v. Reliable Fin. Co.,* 184 So.2d 200, 201 (Fla.Dist.Ct.App.1966) (stating that the "general rule seems to be that where the mortgagee of a chattel mortgage has several remedies, he may pursue one or more of these concurrently so long as they are not inconsistent"); *Vaughan v. Moore,* 202 Ga. App. 592, 415 S.E.2d 47 (1992) (noting that consistent with a state statute a "creditor who holds a promissory note by a deed is not put to an election of remedies"); *Taylor v. Thompson,* 158 Ga.App. 671, 282 S.E.2d 157 (1981) (same); *Harlem Sav. Ass'n v. Lesniak,* 121 Ill.App.2d 137, 257 N.E.2d 230, 232 (1970) (holding that one can sue on the principal note or foreclose on the mortgage at different times or at the same time); *Belote v. McLaughlin,* 673 S.W.2d 27, 30 (Mo.1984) (en banc) (concluding that "a principal debt or obligation gives rise to a separate cause of action on each obligation; different actions may be brought, and judgment on either one does not bar action on the other so long as any part of the principal debt remains unpaid").

Thus, under the common law, state courts have uniformly held that holders of notes secured by a deed of trust can both sue the maker or guarantor and foreclose on the property regardless of which action they pursue first.[4]

---

4. A state statute, of course, can change the com-

mon law and the statutory regime takes prece-

▮ Therefore we hold that the trial court erred in concluding that appellants were precluded from pursuing foreclosure based on the doctrines of res judicata, collateral estoppel, and election of remedies.[5] Appellants may seek both a judgment against a maker or guarantor of the deed of trust note and a foreclosure (judicial or nonjudicial) pursuant to the deed of trust, and may do so in any sequence. Therefore, we reverse the order of the trial court and remand for such further proceedings as may be appropriate.

*Reversed and Remanded.*

---

dence. *Walker v. Community Bank,* 10 Cal.3d 729, 111 Cal.Rptr. 897, 518 P.2d 329 (1974) (en banc) (holding that under state statute election of remedy of personal money judgment rather than enforce a mortgage constitutes a waiver of the right to foreclose).

**5.** Appellants point out that the basis for applying the doctrine of *res judicata* against them is further undermined by the fact that appellants undertook a nonjudicial foreclosure. While the argument has merit, it is unnecessary because the policy permitting both a suit for money judgment and pursuit of the security by foreclosure applies equally to judicial and nonjudicial foreclosure.